Memorandum. The order of the Appellate Term should be affirmed.
In People v McCaleb (25 NY2d 394) we held that the statute proscribing unauthorized use of a vehicle (Penal Law, § 165.05, *71 subd 1) makes criminal the unauthorized occupation of another person’s vehicle, without his consent, irrespective of whether or not the vehicle is in motion.* In the two companion cases considered there, we affirmed the convictions of two defendants, each of whom was found in a parked car which had been reported stolen; and when apprehended, one defendant was found seated in the rear of an automobile but with an operable ignition key; and the other was found asleep in the front seat of a car with the motor running.
Defendant asserts that McCaleb is distinguishable from this case on the grounds that: (1) he was seated in the automobile for but a short time; (2) the motor was not running nor was there a key in the ignition; and, finally, (3) both cars in McCaleb were recently stolen, thus giving rise to the inference, unstated in the opinion, that both defendants were involved in the thefts and only convicted of unauthorized use. We cannot agree. There is no minimum time limit for unauthorized occupation and, under the circumstances which obtained here, the jury was warranted in concluding that defendant’s occupation of the front passenger seat in a vehicle, unquestionably stolen, constituted the unauthorized use of that vehicle under the statute. While it is true that neither the motor was running nor was a key in the ignition, the evidence here parallels that in McCaleb in that it was shown at trial that defendant’s codefendant and companion were seated behind the steering wheel of the stolen vehicle and were attempting to insert the key into the ignition when the arresting officer approached and identified himself. Finally, the crime of unauthorized use is not so interrelated with that of larceny, either esoterically or definitionally, as to require any evidence of theft and, thus, no matter how aged the theft of the automobile, that fact is absolutely immaterial to the quantum of proof necessary to establish commission of the crime of unauthorized use of a vehicle.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in a memorandum.
Order affirmed.

 Subdivision 1 of section 165.05 provides that: "A person is guilty of unauthorized use of a vehicle when: 1. Knowing that he does not have the consent of the owner, he takes, operates, exercises control over, rides in or otherwise uses a vehicle. A person who engages in any such conduct without the consent of the owner is presumed to know that he does not have such consent”.