OPINION OF THE COURT
Harold J„ Rothwax, J.
The defendant has been indicted for the class E felony of unauthorized use of a vehicle in the second degree (Penal Law, § 165.06) and the related misdemeanors of criminal mischief in the fourth degree (Penal Law, § 145.00) and possession of burglar’s tools (Penal Law, § 140.35). The evidence before the Grand Jury established that the defendant was observed breaking the vent window of a parked automobile on a public street, entering the car, and kneeling on the front passenger’s seat facing the dashboard when he was interrupted by passersby and fled. The only damage to the car was the broken vent window. When apprehended shortly thereafter, the defendant was found to possess a pair of pliers.
Unauthorized use of a vehicle in the second degree (L 1982, ch 413, § 2) is the equivalent of the misdemeanor counterpart, unauthorized use in the third degree (Penal Law, § 165.05), with the aggravating circumstance that *1072 the defendant previously has been convicted of that crime within the preceding 10 years, which elevates the offense to a felony. Unauthorized use of a vehicle in the third degree is defined, in relevant part, as conduct by one who “(k)nowing that he does not have the consent of the owner * * * takes, operates, exercises control over, rides in or otherwise uses a vehicle.” (Penal Law, § 165.05, subd 1.) The question presented by this defendant’s motion to dismiss the indictment for insufficiency of the evidence (CPL 210.20, subd 1, par [b]; 70.10, subd 1), is whether the statutory phrase “otherwise uses” encompasses an entry into an automobile and remaining therein for some period of time, however brief, without the owner’s consent, and without otherwise exercising control over the mechanism of the automobile. This question apparently has not been directly addressed in our jurisdiction.
The Court of Appeals has found in the enactment of the unauthorized use statute in the revised Penal Law (§ 165.05) a legislative intention to broaden the range of conduct prohibited in regard to the nonconsensual use of automobiles beyond those .acts associated with theft. In People v McCaleb (25 NY2d 394) the court held that asportation or the actual moving of an automobile from one place to another, was not required by the unauthorized use statute. In the companion cases there reported, McCaleb was found seated in the rear of a parked car with the engine off, but with an ignition key in his pocket. Gibbs was found sleeping in the front passenger seat of a car with the engine running. (25 NY2d, at p 397.) Both cars had been reported stolen. The court noted that the Legislature had enlarged the scope of conduct prohibited as unauthorized use by specifically including riding in and exercising control over, as well as taking or operating, another’s vehicle. Moreover, the court found that the phrase “otherwise uses” had independent meaning apart from the other specified conduct. The other uses of an automobile prohibited by the statute were, however, in the court’s view related to and, by implication limited by, the phrase “exercises control over”. Thus the court held (p 399), “[t]hat the other use is not confined to operating or riding in the vehicle is indicated by the addition in the present statute of *1073 the phrase ‘exercis[ing] control over’ the vehicle. The exercise of control is not limited to a moving vehicle * * * Thus barring the owner or others from entry into the car might constitute such control, as might the temporary use of the vehicle, or its motor, for a purpose accomplished while the vehicle remains or has become stationary.”
Integral to the court’s analysis of the other uses prohibited by the statute is the exercise of some degree of control over the confines of the car or the car’s mechanism. The court’s more recent opinion in People v Roby (39 NY2d 69) is not to the contrary. While noting that the crime of unauthorized use “is not so interrelated with that of larceny * * * as to require any evidence of theft” (39 NY2d, at p 71), the court noted that Roby and his companions were in the process of exercising control over the car’s mechanism. by “attempting to insert the key into the ignition when the arresting officer approached and identified himself”. (Supra, p 71.)
The type of conduct encompassed by the phrase “otherwise uses” becomes most apparent in comparison with the larceny statutes. Conduct which amounts to larceny of an automobile clearly encompasses that which constitutes an unauthorized use by taking, operating or exercising control over the vehicle. They are not inconsistent offenses. Unauthorized use is a lesser included offense to the larceny of an automobile. (People v Kirnon, 39 AD2d 666, 667.) As the court noted in People v Alamo (34 NY2d 453, 459), “[although it might be argued that the unauthorized use statute is not a larceny statute and thus utilizes lesser criteria, the distinction meant by the Legislature between the two kinds of offenses lies in the intent of the taker, not in the means used to effect the taking. Thus, the unauthorized use statute contemplates only a borrowing and not a complete appropriation. (Denzer and McQuillan, Commentary, McKinney’s Cons. Laws of N.Y., Book 39, Penal Law, § 165.05.)” Conversely, conduct in regard to an automobile which does not approach to any degree an exercise of dominion and control over the car, either mechanically or physically, to the exclusion of the owner’s proprietary interest, even transitorily, is not a “use” of the automobile within the contemplation of the Legislature.
*1074 The question remains whether the defendant’s entry into another’s car and his brief residence therein constitutes a “use” in the sense of an exercise of dominion and control of the car. In the instant case the defendant did not obtain the means to set the car’s mechanism in operation, nor is there any evidence, such as possession of a tool designed to bypass the car’s ignition system, of an intent to operate the car. The defendant’s presence in the car was transitory and did not, beyond the fact of his unauthorized entry, exclude the proprietor from use or occupancy of the car, even temporarily. The damage to the car and the possession of a common tool which may have been used for a variety of purposes, including forcing the glove compartment or removing the radio, are charged as separate offenses. The defendant’s noxious conduct in entering the car does not, on the other hand, fall within the ambit of the trespassory offenses, which the Legislature has limited to vehicles “used for overnight lodging of persons”, or used for commercial purposes, such as trucks and trailers. (Penal Law, § 140.00, subd 2.) The apparent absence of statutory proscription, in the trespassory offenses, of unlawful entry into parked cars does not, however, compel the conclusion that such entry is therefore among the “uses” contemplated by the unauthorized use statutes. The latter statutes are, as noted by the Court of Appeals, “intimately involved in the suppression of widespread true automobile larceny; they have little resemblance * * * to the breaking and entry problem in burglary, and still less to nonlarcenous trespass to real property.” (People v McCaleb, 25 NY2d, at pp 399-400, supra.)
To engraft a trespassory offense into the category of unauthorized uses prohibited by this statute, which is essentially directed at the transitory dominion over vehicles short of larceny, would be an exercise in judicial legislation. Moreover, it is appropriate to observe that similar conduct in regard to vehicles within the ambit of the trespassory statutes has been classified in the least degree of severity by the Legislature. (See Penal Law, §§ 140.05, 140.10.) The reclassification of a second offense of unauthorized use as a felony suggests that the statute should be carefully interpreted in the context in which it was enacted. (Cf. People v McCaleb, supra, at p 399.)
*1075 Other jurisdictions are unanimous in holding that statutes such as section 165.05 of the Penal Law are designed to prohibit the transitory possession of an automobile short of larceny (see Ann., Joyriding Statutes — Elements, 9 ALR3d 633, 1982 Supp, § 13, p 63). In the only reported case of which this court is aware, concerning trespassory conduct alleged as unauthorized use, the Court of Appeals of Oregon held under a.statute worded identically to section 165.05 of the Penal Law, that the phrase “exercises control over” or “otherwise uses”, “requires that the actor manifest an intent to deprive the rightful possessor of possession or to otherwise interfere with the rightful possessor’s use of the vehicle, but simply does not cover a naked trespass to the vehicle * * * [which] does not constitute ‘use’ of a vehicle * * * [0]pening the locked door and rifling the glove box * * * do not constitute a sufficient exercise of control over the vehicle such that defendant has manifested an intent to affect the rightful possessor’s relationship to the automobile, i.e., there was no intention to use the vehicle.” (State v Douthitt, 33 Ore App 333, 338.)
This court finds the Oregon court’s reasoning, in light of the foregoing opinions by our own Court of Appeals, persuasive. Accordingly, the court holds that the defendant’s conduct in unlawfully entering the automobile and remaining therein briefly without otherwise tampering with the car’s operative mechanism did not constitute an unauthorized use of the automobile within the meaning of the statute. The first count of the indictment is, therefore, dismissed and the indictment is otherwise sustained.