711 P.2d 1251

**STATE of Arizona, Appellee,**

v.

**Calvin Kay COLEMAN, Appellant.**

**No. 1 CA–CR 8820.**

Court of Appeals of Arizona, Division 1, Department C.

Dec. 26, 1985.

---

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, Chief Counsel Crim. Div. Jack Roberts, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Terry J. Adams, Deputy Public Defender, Phoenix, for appellant.

## OPINION

GERBER, Judge.

Appellant Calvin Kay Coleman (defendant) appeals from his convictions for the crimes of burglary in the second degree, a class 3 felony, in violation of A.R.S. §§ 13-1507, -1501, -701, -702, -801, and -604.01 and theft, a class 3 felony, in violation of A.R.S. §§ 13-1802, -1801, -701, -702, -801, and -604.01, and from the probation imposed as a result of these convictions. The sole issue presented by this appeal is whether the trial court erred in refusing to grant the defendant's motions for acquittal at the close of the State's case and after the jury had reached guilty verdicts on both counts submitted.

### Facts

An information was filed in the Maricopa County Superior Court on October 19, 1984, charging the defendant with burglary in the second degree, a class 3 felony, and theft, a class 3 felony. The defendant entered a not guilty plea to these charges and a jury trial was scheduled. At trial, the following facts were adduced:

Sometime after 1 p.m. on September 3, 1984, and before 9 p.m. on September 5, 1984, a townhouse belonging to Kelli Riley was burglarized and approximately $8,000 worth of property was taken. When Ms. Riley returned from a business trip on the evening of September 5, she discovered that a screen was off the window adjacent to her front door and that a section of glass from that window was missing. She then opened her screen door and noticed that her hardwood front door was ajar about three inches. She testified at trial that she had locked the deadbolt to her front door as well as the lock on the knob. Upon entry, Ms. Riley noticed that items were missing and immediately notified the police. Officer Art Haduch of the Phoenix Police Department responded and tested for latent fingerprints. The missing piece of glass was not found.

The following day, Ms. Riley observed an approximately six-inch piece of glass in a potted bougainvillea plant in the patio area of her townhouse. She did not touch the glass and proceeded to notify the police. Once again, Officer Haduch responded, and at the scene he noted that the piece of broken glass had the same shape as the piece missing from the window. He then dusted the glass for latent fingerprints. Two of the fingerprint lifts were later identified as the left middle finger and the left thumb of the defendant. The thumbprint was taken from one side of the glass, the middle fingerprint from the other.

At trial, Ms. Riley's housecleaner testified that the last time she had cleaned the townhouse window was August 8, 1984. She had cleaned both the inside and the outside of the window. The defendant consistently denied ever having been at the Riley residence. The jury found the defendant guilty on the burglary and theft counts and the defendant has appealed.

### Standard of Review

The defendant argues that the trial court erred in denying his motions for judgment of acquittal. Under Rule 20, Arizona Rules of Criminal Procedure, a judgment of acquittal prior to verdict may be entered only if there is no substantial evidence to warrant a conviction. *State v. Hunter*, 136 Ariz. 45, 47, 664 P.2d 195, 197 (1983). Substantial evidence is evidence from which reasonable people could find the defendant guilty beyond a reasonable doubt. *Id.* at 48, 664 P.2d at 198. A judgment of acquittal is improper if reasonable minds can differ on the inferences to be drawn from the evidence. *Id.*

The crimes of burglary and theft often go hand-in-hand but are two distinct crimes, *State v. Hutton*, 87 Ariz. 176, 178,

349 P.2d 187, 188 (1960) (decided under the pre-1978 Criminal Code). The elements constituting burglary and theft are entirely different. One may be committed without the other. *State v. Arnold*, 115 Ariz. 421, 422, 565 P.2d 1282, 1283 (1977) (pre-1978 Criminal Code). Other jurisdictions with statutes similar to our own concur. *See People v. Tatem*, 62 Cal.App.3d 655, 658, 133 Cal.Rptr. 265, 266 (1976); *Alston v. State*, 410 A.2d 1019, 1020–21 (Del.1980). In light of this, we examine the sufficiency of the evidence as to each crime separately.

### Burglary

The trial court gave the following jury instruction in regard to the burglary count:

The crime of Burglary in the Second Degree requires proof of the following two things:

1. That the defendant entered or remained in a residential structure without authority; and

2. Entered or remained in with the intent to commit a theft.

*See* A.R.S. § 13–1507. The statutory definition of burglary in the second degree differs from this instruction because its wording is "with the intent to commit any theft *or any felony therein.*" A.R.S. § 13–1507(A) (emphasis added).

▪▪ The defendant argues that the trial court erred in denying the motion for judgment of acquittal on burglary because the State presented insufficient evidence to prove entry. However, evidence supporting either of two conclusions is sufficient to overcome a motion for acquittal. *State v. Garcia*, 138 Ariz. 211, 214–15, 673 P.2d 955, 958–59 (App.1983). Such is the case here. The evidence of entry is the defendant's fingerprints found on both sides of a piece of glass of the same shape and size as the piece missing from the victim's broken window. Though the glass was found outside the victim's townhouse, some form of unauthorized entry necessarily occurred in the act of breaking and removal of the glass. This kind of breaking and entry alone justifies an inference of an intent to commit a theft of property inside. *People*

*v. Toolate*, 101 Ill.2d 301, 78 Ill.Dec. 153, 461 N.E.2d 987 (1984), *People v. Fico*, 131 Ill.App.3d 770, 86 Ill.Dec. 871, 476 N.E.2d 47 (1985). Substantial evidence therefore exists to support the elements of (1) unauthorized entry and (2) intent to steal required for a burglary conviction. The burglary conviction and the denial of judgment of acquittal are supported by the evidence.

### Theft

The trial court's jury instruction regarding theft was as follows:

The crime of theft in this case requires proof of the following three things:

1. The defendant knowingly controlled another person's property; and

2. The defendant intended to deprive the other person of the property; and

3. The property was of a value of more than $1,000.

*See* A.R.S. § 13–1802. Arizona's theft statute, A.R.S. § 13–1802, defines a single crime which may be committed in various ways. *State v. Dixon*, 127 Ariz. 554, 561, 622 P.2d 501, 508 (App.1980). "The essence of theft under our code is the obtaining of *unlawful control* over property of another with the intent to deprive." Arizona Criminal Code Commission, *Arizona Revised Criminal Code*, at xv (1975) (emphasis added). "Control" or "to exercise control" means to act so as to exclude others from using their property except on the defendant's terms. A.R.S. § 13–1801(2) (Supp.1984). An investigating officer testified on cross-examination that none of the missing property was found in the defendant's possession, in fact, that none was even recovered. The prosecution did not present any evidence linking the defendant to the stolen items beyond the fingerprint evidence mentioned above. The only way the theft conviction can be supported is by inferring both the elements of control and intent from the mere breaking of the glass. The legal question thus becomes the extent of the elasticity of such an inference.

The Illinois Supreme Court has addressed the extent of permissible inferences in such a situation by holding that an

unauthorized entry alone permits an inference of theft. *People v. Toolate, supra.* Illinois' theft and burglary statutes closely parallel Arizona's statutes. An inference of the control element of theft is also justified merely from the fingerprint evidence found on burglarized private property. *State v. Crosby,* 196 Conn. 185, 491 A.2d 1092 (1985) and *Miles v. State,* 466 So.2d 239 (Fla.Dist.Ct.App.1984).

■ The logic employed in these cases is sound. Both the intent to deprive and the control required for a theft conviction can be inferred from the unauthorized entry, the absence of the victim's possessions, the presence of defendant's fingerprints in a place inaccessible to the general public, and the absence of any other explanation. To reject the inference of theft under these circumstances would not comport with common sense.

■ Accordingly, the convictions for burglary and theft are supported by the evidence and are therefore affirmed.

KLEINSCHMIDT, P.J., and EUBANK, J., concur.

NOTE: The Honorable RUDOLPH J. GERBER was authorized to participate in this case by the Chief Justice of the Arizona Supreme Court pursuant to Ariz. Const. art. VI, § 3.