OPINION OF THE COURT
Harold B. Beeler, J.
Defendant herein, charged by information with unauthorized use of a vehicle in the third degree (Penal Law § 165.05 [1]), moves, inter alia, to dismiss the accusatory instrument pursuant to CPL 170.30 (1) (a); 170.35 (1) (a); and 100.40 (1) (c) on the ground that the factual allegations in the information do not establish every element of the offense charged.
Pursuant to subdivision (1) of Penal Law § 165.05, a person is guilty of unauthorized use of a vehicle in the third degree *510 when, "[k]nowing that he does not have the consent of the owner, he takes, operates, exercises control over, rides in or otherwise uses a vehicle.”
The narrow question raised by defendant’s motion to dismiss is whether the simple act of sitting on a motor scooter, without the consent of its owner, constitutes an "exercise [of] control over” or "other use” of the vehicle under Penal Law § 165.05 (1).
CPL 170.30 (1) (a) and 170.35 (1) (a) provide for the dismissal of a misdemeanor complaint or information when the instrument is not sufficient on its face pursuant to the requirements of CPL 100.40. To meet the sufficiency requirements of CPL 100.40, an information must contain, inter alia, a factual portion which, alone or in combination with any supporting depositions, provides nonhearsay factual allegations "establishing], if true, every element of the offense charged and the defendant’s commission thereof.” (CPL 100.40 [1] [c]; see also, People v Alejandro, 70 NY2d 133.)
The factual portion of this information provides, in pertinent part, that defendant, "knowing that he did not have the consent of the owner, exercised control over * * * [complainant’s] motor scotter in that defendant sat on * * * [complainant’s] motor scooter while three others surrounded * * * [complainant] and hit him. Deponent * * * is informed by * * * [complainant] that defendant had no permission, authority, or consent to sit on the bike or exercise control over it.”
This court finds that the bare allegation in the information at bar that defendant "sat on” the complainant’s motor scooter fails to establish the necessary element of Penal Law § 165.05 (1) that defendant "exercise[d] control over” or "otherwise use[d]” the complainant’s vehicle. The assertion, moreover, that defendant so acted "while 3 others surrounded * * * and hit” the complainant, absent additional facts tending in some way to connect defendant’s conduct with that of the "others”, adds nothing by way of supporting information to save this otherwise defective accusatory instrument.
In arriving at this result, the court is mindful that the unauthorized use statute, in its present form (i.e., Penal Law § 165.05), was intended to proscribe a much broader range of conduct than its predecessor statute, Penal Law § 1293-a (People v McCaleb, 25 NY2d 394, 398). Whereas the old law, prohibiting the unauthorized "tak[ing], use, or operation]” of an automobile, was held to apply only to those persons actu *511 ally riding in, and involved with the theft of, a stolen motor vehicle, the present statute is intended to encampass, inter alia, conduct wholly unrelated to any theft or asportation of the vehicle (People v McCaleb, supra, at 399; People v Roby, 39 NY2d 69, 71). As such, merely "barring the owner or others from entry into * * * [a] car”, or "temporarily] us[ing] * * * [a] vehicle, or its motor, for a purpose accomplished while the vehicle remains * * * stationary” might be sufficient to constitute an unauthorized "use” under subdivision (1) of section 165.05 (People v McCaleb, supra, at 399).
The inclusion in Penal Law § 165.05 (1) of an expanded range of prohibited conduct does not, however, in this court’s view, reflect a legislative design to outlaw every conceivable nonconsensual "use” of a vehicle no matter how trivial or inconsequential.
Concededly, the decisions of the Court of Appeals in this area appear, at first blush, to give virtually unlimited breadth to the types of "uses” proscribed by section 165.05 (1). In restating the holding of McCaleb (supra), for example, the court notes that this section "makes criminal the unauthorized occupation of another person’s vehicle, without his consent, irrespective of whether or not the vehicle is in motion.” (People v Roby, supra, at 71 [emphasis added].) Further, according to Roby, "[t]here is no minimum time limit for [such] unauthorized occupation” (supra, at 71).
Upon closer scrutiny, however, it is clear that the factual circumstances surrounding the "use” of the vehicles in both McCaleb (supra) and Roby (supra) encompass more than a mere nonconsensual "occupation” of the vehicles in question. In McCaleb (supra, at 397), for example, the defendant was found seated in the rear of a recently stolen, parked automobile which, though its motor was turned off, had an operable key in the ignition. Similarly, in People v Gills (25 NY2d 394, 397) the companion case to McCaleb, the defendant was discovered sleeping in the front seat of a stolen, parked automobile with its engine running. And, in Roby (supra, at 71), the defendant was observed seated in the front passenger seat of a stolen vehicle as his codefendant and companion were attempting to insert the key into the ignition.
Each of these cases involves, in addition to an unauthorized "occupation” of a vehicle, an exercise of at least some degree of control over the vehicle as manifested by the defendants’ present ability to set the vehicle in motion. That this present *512 potential to "exercis[e] * * * control over the car’s mechanism” (People v Butler, 119 Misc 2d 1071, 1073) was critical to the court’s finding in each case that a Penal Law § 165.05 "use” of the vehicle occurred, is reflected in the court’s pointed reference in each case to this particular factual circumstance.
Thus, while the act of merely sitting in — or, in this case, on —a motor vehicle might be considered a "use” within the ordinary meaning of that term, such activity does not, by itself, amount to an "exercise [of] control over” the vehicle under Penal Law § 165.05 (1). Nor, in this court’s view, is such conduct encompassed by the "otherwise uses” language of subdivision (1).
In construing a penal statute to determine whether particular conduct falls within its parameters, the "[statutory words must be read in their context, and words, phrases, and sentences of a statutory section should be interpreted with reference to the scheme of the entire section.” (McKinney’s Cons Laws of NY, Book 1, Statutes § 97.) As such, notwithstanding the "independent” meaning ascribed to the phrase "or otherwise uses” in section 165.05 (1) (People v McCaleb, supra, at 399), said phrase must, to some extent, also "derive color from the words with which it * * * [is] associated”. (Supra, at 398.)
To be punishable, therefore, as an "other use” under the statute, a defendant’s conduct, though not amounting to a "tak[ing],” "rid[ing] in,” "operation] of’ or "exercise [of] control over” a particular vehicle, must, at a minimum, involve a level of nonconsensual interference with the vehicle comparable in degree to the other "uses” specifically enumerated in the statute.
The People, by attempting to allege in this information that defendant acted in concert with the three individuals who encircled the complainant, apparently recognized the need to establish a level of interference with the complainant’s vehicle greater than that achieved by a mere "occupation” without the owner’s consent. Having failed, however, to in any way connect defendant’s sitting on the motorbike with the actions of the group in surrounding and hitting the complainant, the People have established neither an "exercise of control” by defendant over this vehicle nor its "other use” within the meaning of Penal Law § 165.05 (1).
The court’s determination that Penal Law § 165.05 (1) was not directed toward the type of innocuous conduct alleged in *513 the information at bar finds support in the recent enactment by the Legislature of unauthorized use of a vehicle in the second degree (Penal Law § 165.06 [added L 1981, ch 602, § 2, amended L 1982, ch 413, § 2]) which punishes as a class "E” felony a second conviction for unauthorized use of a vehicle in the third degree occurring within 10 years of the first (see, People v Butler, supra, at 1074). With the enactment of Penal Law § 165.06, the crime of unauthorized use of a vehicle in the third degree becomes one of only a handful of misdemeanors apparently considered serious enough by the Legislature to warrant felony treatment upon prosection for a second offense (see, e.g., Penal Law § 165.10; Vehicle and Traffic Law § 1193 [1] [c]; see also, Penal Law § 265.02 [1]).
Accordingly, for all the aforesaid reasons, defendant’s motion to dismiss for facial insufficiency is granted. By virtue of the court’s ruling, defendant’s other motions, submitted for decision herewith, are rendered moot and need not be addressed.