■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM GRAY, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Nicolai, J.), rendered October 2, 1987, convicting him of unauthorized use of a motor vehicle in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, the indictment is dismissed, and the matter is remitted to the County Court, Westchester County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

On this appeal, the defendant argues that his guilt was not established beyond a reasonable doubt. We agree. Viewing the evidence in a light most favorable to the prosecution *(People v Contes,* 60 NY2d 620), we find that it was not legally sufficient to establish the defendant's guilt of unauthorized use of a vehicle beyond a reasonable doubt. The People failed to meet their burden of proving the requisite element of the defendant's exercise of dominion and control over the vehicle in question.

The crime of unauthorized use of a vehicle requires proof that the person charged "takes, operates, exercises control over, rides in or otherwise uses a vehicle" knowing that he does not have the consent of the owner to do so (Penal Law § 165.05 [1]). The conduct necessary to constitute a "use" of an automobile within the meaning of the statute, must demonstrate "an exercise of dominion and control over the car, either mechanically or physically, to the exclusion of the owner's proprietary interest, even transitorily" *(People v Butler,* 119 Misc 2d 1071, 1073). Thus, the Court of Appeals found the proof sufficient to establish the crime of unauthorized use of a vehicle in *People v Roby* (39 NY2d 69) where the defendant was found in the front passenger seat of a stolen vehicle while his companion was attempting to insert a key in the ignition. Similarly, in *People v McCaleb* (25 NY2d 394), the court found the requisite degree of exercise of dominion and control to sustain convictions of unauthorized use of a vehicle in companion cases where one defendant was found seated in the rear of a stolen vehicle with an ignition key in his pocket and the other defendant was found sleeping in the front passenger seat of another stolen vehicle with the engine running.

The record in the instant case is completely devoid of proof that the defendant exercised a degree of control over the vehicle sufficient to constitute an unauthorized use. The rec-

ord reveals that the defendant and a companion were observed exiting a parked vehicle and walking in the direction of the defendant's home which was about a quarter of a mile away. The vehicle and the keys thereto had been reported stolen from a burglarized premises. There was no evidence of tampering with the vehicle's operative mechanism. Nor was the defendant seen operating the vehicle. The keys to the vehicle were never recovered from the defendant's possession or otherwise. Therefore, as a matter of law, the defendant's conviction must be reversed and the indictment dismissed.

In light of our determination, we do not address the defendant's remaining contentions. Thompson, J. P., Rubin, Sullivan and Balletta, JJ., concur.