OPINION OF THE COURT
William Miller, J.
Defendant Luis Velez moves to dismiss the instant accusatory instrument pursuant to CPL 170.30 (1) (a) on the grounds that the complaint fails to allege nonhearsay facts which establish every element of the crimes charged as required by CPL 100.40 (1) (c). Defendant’s motion arises from the following set of facts:
The defendant was arrested on June 13, 1990 and charged *593 with unauthorized use of a vehicle in the third degree and criminal possession of stolen property in the fifth degree. The factual allegations of the complaint, in pertinent part, state, "the deponent observed the defendant inside of a 1989 Chevy Baretta * * *. Deponent further states that deponent is informed by Angelo Campolattano that informant is the owner of the above vehicle * * * and that defendant did not have permission nor authority to take, use or possess the vehicle.” A corroborating affidavit from Angelo Campolattano, the owner of the car, was filed with the court on June 27, 1990.
The defendant predicates his motion on the contention that the charge of unauthorized use of a vehicle in the third degree requires " 'an exercise of dominion and control over the car, either mechanically or physically, to the exclusion of the owner’s proprietary interest, even transitorily’ ” (see, People v Gray, 154 AD2d 547 [2d Dept 1989]). Defendant argues that, likewise, criminal possession of stolen property in the fifth degree also requires an exercise of dominion and control, citing Penal Law § 10.00 (8). Defendant urges that a mere allegation of presence inside a vehicle is insufficient to constitute a violation of these statutes.
The People rebut that the corroborating affidavit from the owner, stating that the defendant was using the automobile without the permission or authority of the owner, sufficiently establishes the elements of the crime.
We disagree. Recent case law supports the proposition that the mere occupation of another’s vehicle does not amount to taking, operating, exercising control over or otherwise using the vehicle as contemplated by the statutory language. (See, People v Murray, 143 Misc 2d 509 [NY City Crim Ct 1989].) In Murray (supra), where the defendant was observed sitting on a motor scooter without the owner’s consent, the court held that such action did not amount to an "exercise of control over” or "other use” of a vehicle within the definition of an unauthorized use of a vehicle in the third degree. In People v Butler (119 Misc 2d 1071 [Sup Ct, NY County 1983]), the defendant was observed breaking the vent window of a parked car, and kneeling on the front passenger’s seat facing the dashboard. The court held that even this action did not amount to an "exercising of control over”, "operation”, "or otherwise use” of the vehicle.
In two earlier cases, namely People v McCaleb (25 NY2d 394) and People v Roby (39 NY2d 69), the Court of Appeals did *594 recognize that operation of the vehicle was not an element of unauthorized use of a vehicle in the third degree (Penal Law § 165.05). In McCaleb (supra), although the defendant was found seated in the rear of a recently stolen parked automobile, there was an operable key in the ignition. In Roby (supra), the defendant was observed seated in the front passenger seat of a stolen vehicle as his codefendant and companion were attempting to insert the key into the ignition. "Each of these cases involves, in addition to an unauthorized 'occupation’ of a vehicle, an exercise of at least some degree of control over the vehicle as manifested by the defendants’ present ability to set the vehicle in motion.” (People v Murray, supra, at 511.)
We will now examine whether the instant information sufficiently establishes the elements of criminal possession of stolen property in the fifth degree. Interestingly enough, this offense was not at issue in the aforecited cases, including Justice Rothwax’s opinion in Butler (supra).
Penal Law § 165.40 states that a person is guilty of this offense "when he knowingly possesses stolen property, with intent to benefit himself or a person other than an owner thereof or to impede the recovery by an owner thereof.” The term " '[p]assess’ means to have physical possession or otherwise to exercise dominion or control over tangible property” (Penal Law § 10.00 [8]). We find, for the same reasons, that the dominion and control elements were not made out for the crime of criminal possession of stolen property. The mere presence in a nonmoving vehicle does not establish control and dominion over it. If the ignition had been wired, the engine running, or a key available, the court may have had reason to find otherwise.
In addition, we recognize the practical difficulties of establishing the knowledge element in any information, and the instant information fails to set forth any facts from which defendant’s knowledge can be circumstantially inferred.
In conclusion, the activity of the defendant as set forth in the factual allegations of the information falls short of the activity in McCaleb (supra) and Roby (supra). Accordingly, defendant’s motion to dismiss the information on grounds of jurisdictional insufficiency is granted.