■ In the Matter of JAMAL C., a Person Alleged to be a Juvenile Delinquent, Appellant.—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal

is from an order of disposition of the Family Court, Kings County (Schecter, J.), dated April 26, 1990, which, upon a fact-finding order of the same court, dated December 20, 1989, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of unauthorized use of a vehicle in the third degree and possession of burglar's tools, adjudged him to be a juvenile delinquent and placed him in the custody of the New York State Division for Youth, Title III, for 12 months. The appeal brings up for review the fact-finding order dated December 20, 1989.

Ordered that the order of disposition is affirmed, without costs or disbursements.

A private security officer observed the appellant sitting in the back seat of a parked, stolen automobile for five to seven minutes. The vehicle's ignition had been "popped". In its place was a hole the size of a half dollar into which was inserted a broken piece of metal. In addition, the radio of the vehicle was missing. Various tools, including a screwdriver and a "pulley", were subsequently recovered from the back seat.

There were two other occupants of the car, one sitting in the rear with the appellant, the third sitting in the driver's seat. A fourth individual had been observed "checking" the door handles of approximately 10 automobiles in the immediate vicinity, to see if the doors would open. Upon returning to the stolen car, this individual noticed that he was being observed by the private security officer and he and the three occupants of the car fled.

After a fact-finding hearing, the Family Court determined that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of unauthorized use of a vehicle in the third degree and possession of burglar's tools.

Viewing the evidence in the light most favorable to the presentment agency *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the appellant's guilt beyond a reasonable doubt, since the appellant's unauthorized use of the stolen car, as well as his unlawful intent with respect to the tools found in the car, can be inferred from the circumstances surrounding the incident *(see, People v Roby,* 39 NY2d 69; *People v Borrero,* 26 NY2d 430; *People v McCaleb,* 25 NY2d 394; *People v Davis,* 155 AD2d 611, 612; *cf., People v Gray,* 154 AD2d 547). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of

guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]). Mangano, P. J., Harwood, Miller and Santucci, JJ., concur.