NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

───────────────────

STATE OF ARIZONA, *Appellee,*

*v.*

WALTER JOHN COX, JR., *Appellant.*

No. 1 CA-CR 15-0832
FILED 1-3-17

───────────────────

Appeal from the Superior Court in Maricopa County
No. CR2013-003452-001
The Honorable Richard L. Nothwehr, Commissioner, Judge *Pro Tem*

**AFFIRMED AS MODIFIED**

───────────────────

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Terry J. Adams
*Counsel for Appellant*

_____

**MEMORANDUM DECISION**

Judge Donn Kessler delivered the decision of the Court, in which Presiding Judge Margaret H. Downie and Judge Kent E. Cattani joined.

_____

**K E S S L E R,** Judge:

¶1          Appellant Walter John Cox, Jr. was tried and convicted of burglary in the second degree, a class 3 felony. Counsel for Cox filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969). Finding no arguable issues to raise, counsel requests that this Court search the record for fundamental error. Cox filed a supplemental brief primarily alleging ineffective assistance of counsel. For the reasons that follow, we affirm Cox's conviction and sentence as modified to reflect additional presentence incarceration credit.

## FACTUAL AND PROCEDURAL HISTORY

¶2          In December 2012, JM observed two men in his neighbor's backyard. He noticed that they were lifting items over the fence and loading them into a parked van. Suspecting wrongdoing, he called the police.

¶3          Officers arrived on the scene and apprehended the two men. At trial, the police identified the passenger as Cox. The van was searched upon issuance of a warrant and a dresser and some loose metal were found. Officers also inspected the house, finding a broken window and open back door.

¶4          Cox was indicted for burglary in the second degree, a class 3 felony. After a five-day trial, a jury found Cox guilty and found an aggravating factor of the presence of an accomplice. The court sentenced Cox to twelve years in prison and to community service. The court calculated 244 days of presentence incarceration credit.

¶5          Cox filed a timely appeal after being granted permission to file a late appeal. We have jurisdiction pursuant to Article 6, Section 9 of the

Arizona Constitution and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1) (2016), 13-4031 (2016), and 13-4033(A)(1) (2016).[1]

**DISCUSSION**

**¶6**         In an *Anders* appeal, this Court must review the entire record for fundamental error. Error is fundamental when it affects the foundation of the case, deprives the defendant of a right essential to his defense, or is an error of such magnitude that the defendant could not possibly have had a fair trial. *State v. Henderson*, 210 Ariz. 561, 567, ¶ 19 (2005) (citations omitted). To obtain a reversal, a defendant must show the error prejudiced him. *Id.* at 567, ¶ 20.

I.        Sufficiency of the Evidence

**¶7**         In reviewing the sufficiency of evidence at trial, "[w]e construe the evidence in the light most favorable to sustaining the verdict, and resolve all reasonable inferences against the defendant." *State v. Greene*, 192 Ariz. 431, 436, ¶ 12 (1998) (citation omitted). "Reversible error based on insufficiency of the evidence occurs only where there is a complete absence of probative facts to support the conviction." *State v. Soto-Fong*, 187 Ariz. 186, 200 (1996) (citation and quotation omitted).

**¶8**         To convict a defendant of burglary in the second degree, the State must prove the defendant entered or remained unlawfully in a residential structure with intent to commit a theft or any felony therein. A.R.S. § 13-1507 (2016). A burglary conviction may be sustained on circumstantial evidence alone. *State v. Brady*, 2 Ariz. App. 210, 213 (1965) (citation omitted). Evidence of forceful entry into a dwelling is sufficient to justify an inference of intent to commit a theft therein. *State v. Coleman*, 147 Ariz. 578, 580 (App. 2009) (citations omitted). Possession of stolen goods may be considered by a jury in determining guilt. *State v. Owen*, 94 Ariz. 354, 356 (1963) (citations omitted).

**¶9**         Sufficient evidence supports Cox's conviction. TJ, the owner of the house, testified that she had left the house tidy. When she returned, her clothes were strewn everywhere and the floor was filthy. The fridge had been left open and the back door was broken. JM testified that he saw Cox and an accomplice throw a suitcase, a dresser, and pipes over the property wall. Officer JL, who inspected Cox's van, testified that a dresser was found in it. TJ identified some of the property found in the van as hers and testified

---

[1]        We cite to the current version of statutes unless changes material to this decision have occurred.

she had not given Cox permission to enter her house. Thus, regardless of contrary testimony by Cox to the effect that his accomplice had told him they had permission from the homeowner to remove the property, the evidence presented was sufficient for a reasonable jury to conclude that Cox entered the dwelling unlawfully with intent to commit theft.

II.     Issues Raised by Cox

¶10          Cox argues that his counsel was ineffective, as well as several related issues. We do not address claims of ineffective assistance of counsel on direct appeal; these types of claims must be raised in a post-conviction proceeding under Rule 32 of the Arizona Rules of Criminal Procedure. *State v. Spreitz*, 202 Ariz. 1, 3, ¶ 9 (2002). Nor will we address claims of newly discovered evidence on direct appeal, as such claims also must be made through a Rule 32 petition.

¶11          Cox makes several other arguments on appeal. To the extent Cox contends that his appeal was untimely filed and his right to a speedy trial was violated, we reject those arguments. Cox was granted leave to file a delayed appeal and that appeal was timely filed; thus any error could not have prejudiced him. We have reviewed the record and conclude that Cox's right to a speedy trial was not violated. Defendants in custody must have a trial within 150 days from arraignment, unless a valid continuance has been granted. Ariz. R. Crim. P. 8.2(a)(1), (d). The superior court granted both Cox and the State a number of continuances and excluded the time for those continuances from the last date for trial. Excluding that time, the trial began within 150 days from the arraignment.

¶12          Finally, Cox contends that TJ, one of the witnesses, gave conflicting testimony, indicating that she has Alzheimer's disease. The record merely reflects that TJ did not remember every item in the house. Thus, this argument is subsumed in our finding of sufficiency of evidence.

III.     Sentence and Presentence Incarceration Credit

¶13          After an evidentiary hearing, the superior court found that Cox had committed two prior felonies. Those felonies qualified as historical prior felonies under A.R.S. § 13-105(22)(d) (2015) because they were Cox's fourth and fifth felony convictions. Thus, Cox could be sentenced to imprisonment between 7.5 and 25 years, with a presumptive sentence of 11.25 years. A.R.S. § 13-703(J) (2016). Cox's sentence to twelve years' imprisonment is therefore lawful.

**¶14**         If the presentence incarceration credit is incorrect, this Court may affirm the conviction and sentence but award a corrected amount of presentence incarceration credit. *See State v. Ritch*, 160 Ariz. 495, 499 (App. 1989). The superior court calculated Cox's incarceration credit as 244 days. Cox was arrested and booked into jail on November 25, 2013, and released on bond on June 26, 2014.[2] He was taken back into custody on April 8, 2015, where he awaited sentencing until May 12, 2015. This amounts to 249 days in custody. We modify Cox's sentence to reflect 249 days of presentence incarceration credit.

## CONCLUSION

**¶15**         The evidence supports the verdict, the sentence imposed was within the sentencing limits, Cox was present at and given an opportunity to speak at sentencing, and Cox was represented at all stages of the proceedings below. After careful review of the record, we find no grounds for reversal of Cox's conviction or sentence. Accordingly, we affirm his conviction and sentence, but modify his sentence to reflect 249 days of presentence incarceration credit.

**¶16**         Upon the filing of this decision, counsel shall inform Cox of the status of the appeal and his options. Defense counsel has no further obligations, unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Cox shall have thirty days from the date of this decision to proceed, if he so desires, with a pro per motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED:          JT

---

[2]         There is a surety bond receipt dated February 14, 2014. However, the record indicates that Cox was not released at this time.