■ In the Matter of RUBEN P., Appellant.—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Cozier, J.), dated September 15, 1987, which, upon a fact-finding order of the same court, dated April 14, 1987, made after a hearing, finding that the appellant had committed an act which, if committed by an adult, would have constituted the crime of unauthorized use of a vehicle in the third degree, adjudged him a juvenile delinquent and placed him with the Division for Youth, Title II, for a period of 12 months. The appeal brings up for review the fact-finding order dated April 14, 1987.

Ordered that the order of disposition is reversed, on the law and the facts, the fact-finding order is vacated, and the petition is dismissed, without costs or disbursements.

The appellant was charged with violating Penal Law § 165.05, which provides:

"A person is guilty of unauthorized use of a vehicle in the third degree when:

"1. Knowing that he does not have the consent of the

owner, he takes, operates, exercises control over, rides in or otherwise uses a vehicle. A person who engages in any such conduct without the consent of the owner is presumed to know that he does not have such consent".

At the fact-finding hearing, the prosecution's key witness, Police Officer Phillip Wong, exhibited selective memory of the subject incident. He testified that he received a radio run that there were "two males" stripping a car at the corner of Star Street and Woodward Avenue in Queens. He could not recall the description he received of the two males, but the police "Sprint Report" indicated that the two males were black. Officer Wong further testified that, upon arriving at the scene, he saw the appellant (a 15-year-old medium-toned Hispanic boy) "inside" the subject vehicle, but did not see what he was doing. However, on cross-examination Officer Wong testified that upon arriving at the scene he saw the appellant exiting from the passenger side of the vehicle. The officer testified further that the vehicle had no front fenders, bumper, hood, and front seat. He also observed that the vehicle's front console was damaged, the ignition was popped, and the motor was running.

The owner of the vehicle testified that, with respect to the dashboard, there was "nothing in there".

The Law Guardian was erroneously precluded from inquiring further about the condition of the steering mechanism or whether the vehicle was operable.

The appellant testified that he was walking along Star Street when he observed a car parked on the opposite side of the road. He observed that "the whole front [of the car] was all gone". His testimony that he thought the vehicle was abandoned was stricken upon the prosecutor's request. He saw a second car, with two people inside, parked in front of the damaged vehicle. Shortly thereafter, the second car drove off and the appellant walked by the damaged car and looked inside. The appellant described the car as follows: "Well, the floor had a whole bunch of glass in it. There was no front at all and no seats, no radio. The dashboard was broken. The ignition was popped and it had no thing for the steering wheel, that thing right there that holds it. It was just a little metal bar". Observing some "chump change" on the floor of the car, the appellant stated that he reached in and picked it up, a process which took about five seconds. As he turned around to urinate next to a nearby fence, he observed the police at the corner. The police approached, ordered him to "freeze", and asked "Where are the other guys".

The Family Court erroneously concluded that the appellant's momentary presence in the automobile constituted an exercise of dominion and control of the vehicle as contemplated by Penal Law § 165.05. There is no evidence that the vehicle was operable. The People offered no evidence to show, either directly or by inference, that the appellant exercised control over this stripped vehicle. We disagree with the People's argument that the Court of Appeals, in *People v McCaleb* (25 NY2d 394) and *People v Roby* (39 NY2d 69), interpreted the statute as being broad enough to include the appellant's acts. "Integral to the court's analysis of the other uses prohibited by the statute is the exercise of some degree of control over the confines of the car or the car's mechanism" *(People v Butler,* 119 Misc 2d 1071, 1073), which is lacking here.

In view of our determination, we do not reach the appellant's remaining contentions. Mangano, J. P., Thompson, Sullivan and Balletta, JJ., concur.