█ In the Matter of Jose C., a Person Alleged to be a Juvenile Delinquent, Appellant. [859 NYS2d 179]—

Order of disposition, Family Court, Bronx County (Juan M. Merchan, J.), entered on or about June 11, 2007, which adjudicated appellant a juvenile delinquent, upon a fact-finding determination that he had committed acts which, if committed by an adult, would constitute the crimes of unauthorized use of a vehicle in the third degree, petit larceny, criminal possession of stolen property in the fifth degree, criminal mischief in the fourth degree and possession of burglar's tools, and placed him with the Office of Children and Family Services for a period of 12 months, unanimously modified, on the law, to the extent of vacating the findings as to unauthorized use of a vehicle, larceny and possession of stolen property and dismissing those counts of the petition, and otherwise affirmed, without costs.

The evidence established that appellant and a companion were standing behind a car with an open trunk in the early morning hours, and closed the trunk as a police officer drove up. The officer observed that the door lock and window had been broken, and that an ashtray full of change apparently had been removed from the car and deposited in a different car. The evidence also established that appellant and his companion possessed screwdrivers.

As the presentment agency concedes, since the vandalized car

was not stolen, but was still at the location where the owner's brother had parked it, the evidence does not support the findings as to petit larceny and criminal possession of stolen property, which both related to the car. The evidence also was insufficient to establish unauthorized use of a vehicle in violation of Penal Law § 165.05 (1). That crime requires "an exercise of dominion and control over the car, either mechanically or physically, to the exclusion of the owner's proprietary interest, even transitorily" (*People v Gray*, 154 AD2d 547, 547 [1989]). There was no evidence that appellant or his companion ever attempted to start the car, or had the means to do so. Neither appellant's presence near a vandalized car, nor the inference that he or his companion must have entered the car at some point to steal the ashtray and coins, established the requisite exercise of dominion and control (*id.*; *see also Matter of Javier F.*, 3 AD3d 493 [2004]; *Matter of Archangel O.*, 157 AD2d 729 [1990]; *Matter of Ruben P.*, 151 AD2d 485 [1989]). However, the court's findings as to the remaining charges were based on legally sufficient evidence and were not against the weight of the evidence, as the evidence supported the inference that appellant committed criminal mischief by damaging the car and possessed a screwdriver that he used as a burglar's tool. Furthermore, the petition, as supplemented by the supporting deposition, was legally sufficient with respect to the criminal mischief and burglar's tools charges.

Appellant's remaining contentions are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits. Concur—Saxe, J.P., Nardelli, Catterson and McGuire, JJ.