[950 NE2d 473, 926 NYS2d 840]

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ROBERT
FRANOV, Respondent.

Argued March 24, 2011; decided May 10, 2011

## POINTS OF COUNSEL

*Richard A. Brown, District Attorney*, Kew Gardens (*Linda Cantoni* and *John M. Castellano* of counsel), for appellant. "Dominion and control" is not an indispensable element of unauthorized use of a vehicle; moreover, defendant's acts of breaking into the car and stealing its light control module were sufficient to prove that he "exercise[d] control over" or "otherwise used" the car. (*People v McCaleb*, 25 NY2d 394; *People v Roby*, 39 NY2d 69; *Matter of Raquel M.*, 291 AD2d 155, 99 NY2d 92; *People v Rivera*, 82 NY2d 695; *People v Johnson*, 71 AD2d 692; *People v Luter*, 150 AD2d 391; *Matter of Garfield H.*, 185 AD2d 846; *People v Wynn*, 177 AD2d 1016; *People v Gray*, 154 AD2d 547; *Matter of Javier F.*, 3 AD3d 493.)

*Judah Maltz*, Kew Gardens, for respondent. Measured by precedent set down by decisions from the Appellate Division, First and Second Departments, in their interpretation of the phrases "exercises control over" "or otherwise uses" in the revised statute, Penal Law § 165.05 (1), respondent's conviction for the crime of unauthorized use of a vehicle in the second degree was correctly dismissed. (*People v Butler*, 119 Misc 2d 1071; *People v McCaleb*, 25 NY2d 394; *People v Roby*, 39 NY2d 69; *People v Wynn*, 177 AD2d 1016; *People v Gray*, 154 AD2d 547; *Matter of Ruben P.*, 151 AD2d 485; *Matter of Archangel O.*, 157 AD2d 729; *Matter of Javier F.*, 3 AD3d 493; *Matter of Jose C.*, 52 AD3d 253; *People v Pride*, 26 Misc 3d 1214[A], 2010 NY Slip Op 50095[U].)

## OPINION OF THE COURT

GRAFFEO, J.

The issue raised by this appeal is whether defendant's conviction for unauthorized use of a vehicle in the second degree is supported by legally sufficient evidence. We conclude that it is.

On the afternoon of November 28, 2006, two uniformed officers were patrolling a residential area of Flushing, Queens County. One of the officers observed defendant Robert Franov exit the driver's side door of a Lincoln Town Car, holding a small black box. Defendant began walking in the direction of the officers but, upon seeing them, dropped the box to the ground and continued to walk. The officers stopped defendant and recovered the discarded item, which turned out to be a computerized automobile light control module. Upon examination of the automobile, they noticed that the driver's side door lock was broken and the dashboard had been ripped apart, exposing the internal wiring. The officers arrested defendant and recovered a screwdriver, rachet and four sockets from his pants pocket. Defendant neither owned nor had permission or authority to use the car.

Following his arrest, defendant was indicted for unauthorized use of a vehicle in the second degree (Penal Law § 165.06), criminal mischief in the third degree (Penal Law § 145.05 [2]), criminal possession of stolen property in the fifth degree (Penal Law § 165.40) and possession of burglar's tools (Penal Law § 140.35). A jury convicted him of all four counts. Defendant appealed, arguing, as relevant here, that the proof was legally insufficient to sustain his conviction for unauthorized use of a vehicle in the second degree.

The Appellate Division modified the judgment by vacating the conviction of unauthorized use of a vehicle in the second degree and the sentence imposed thereon, and otherwise affirmed (71 AD3d 914 [2d Dept 2010]). The court held that the trial evidence as to that count was legally insufficient, reasoning that "defendant's momentary presence in or about a vandalized automobile cannot, without more, provide the basis for finding that he exercised dominion and control over the vehicle as required to support a conviction for unauthorized use of a vehicle in the second degree" (*id.* at 915).

A Judge of this Court granted the People leave to appeal (15 NY3d 804 [2010]), and we now reverse and reinstate the conviction.

A person is guilty of third-degree unauthorized use of a vehicle—a class A misdemeanor—when, "[k]nowing that he does not have the consent of the owner, he takes, operates, exercises control over, rides in or otherwise uses a vehicle" (Penal Law

§ 165.05 [1]). Under Penal Law § 165.06, a person is guilty of second-degree unauthorized use of a vehicle, a class E felony, when he or she commits the crime of third-degree unauthorized use of a vehicle as defined in Penal Law § 165.05 (1) and has been previously convicted of that crime within the preceding 10 years.[1] At issue here is whether defendant's conduct fell within the scope of the statute.

The People claim that the evidence was legally sufficient to establish that defendant committed second-degree unauthorized use of a vehicle because a rational jury could have found that defendant exercised control over or otherwise used the Town Car by breaking into it, damaging the interior and taking an automotive part. Defendant, and our dissenting colleagues, argue otherwise, contending that the Appellate Division properly vacated the unauthorized use conviction on legal sufficiency grounds as the crime should be limited to instances in which the person charged had the means and intent to operate the vehicle.

Our analysis begins with former Penal Law § 1293-a, the predecessor to Penal Law § 165.05. Section 1293-a made it a felony for a person, without the consent of the owner, to "take, use or operate . . . an automobile." We narrowly construed this provision in *Matter of Diane S.* (18 NY2d 973 [1966]), determining that the statute was inapplicable to a defendant who was a passenger in a vehicle because, even though she knew the vehicle had been taken without the owner's permission, she had not been involved in the asportation.

In 1965, the Legislature decided to broaden the reach of the unauthorized use statute by enacting Penal Law § 165.05, which replaced section 1293-a. Two phrases were added by section 165.05 (1)—"exercises control over" and "rides in"—and the clause "or otherwise uses" was placed at the end of the specifications of enlarged prohibitions (L 1965, ch 1030).[2] The new statutory construction clearly indicated that the Legislature sought to address more than "joyriding" or there would not have been a need to insert the amended language. In addition,

---

1. Defendant was previously convicted of third-degree unauthorized use of a vehicle within the 10-year period.
2. The operative language in chapter 1030 of the Laws of 1965 is identical to the current statutory text in Penal Law § 165.05.

the Legislature reduced the classification of the offense from a felony to a class A misdemeanor.[3]

We first had occasion to address the expanded language of Penal Law § 165.05 in *People v McCaleb* (25 NY2d 394 [1969]). In *McCaleb*, and its companion case *People v Gibbs*, the defendants were each found in different parked automobiles that had been taken and moved without the permission of their owners. McCaleb was apprehended while sitting in the vehicle's rear seat with the engine turned off and a key in the ignition. Gibbs was sleeping in the front passenger seat of a car with the engine running. Both automobiles had been reported as stolen. McCaleb and Gibbs asserted that they could not be convicted of unauthorized use of a vehicle under Penal Law § 165.05 because the statute was intended to punish only joyriding, as was its precursor, former section 1293-a.

On appeal in *McCaleb*, we rejected these arguments. We contrasted the statute's new language with former section 1293-a, observing that the inclusion of additional proscriptions "indicates that a broader range of conduct was being prohibited" (25 NY2d at 399). Turning first to the term "uses" in Penal Law § 165.05 (1), we determined that "[i]ts independent meaning is underscored by its inclusion in the extended phrase 'or otherwise uses,' " and that the modifier "otherwise" serves the purpose of "broadening" the meaning of the term (*id.*). We then focused on the scope of the phrase "exercises control over," stating:

> "The exercise of control is not limited to a moving vehicle, for otherwise it would be largely synonymous with 'operates,' or covered by 'riding'. Thus barring the owner or others from entry into the car might constitute such control, as might the temporary use of the vehicle, or its motor, for a purpose accomplished while the vehicle remains or has become stationary. Moreover, by lowering the grade

**3.** As originally enacted, the Legislature created only one unauthorized use of a vehicle offense, codified at Penal Law § 165.05 (L 1965, ch 1030). The Legislature subsequently created unauthorized use of a vehicle in the second degree (Penal Law § 165.06) and unauthorized use of a vehicle in the first degree (Penal Law § 165.08), redesignating the crime contained in Penal Law § 165.05 as unauthorized use of a vehicle in the third degree (*see* L 1982, ch 413).

of crime from felony . . . to misdemeanor, the Legislature, understandably, included conduct less serious than that covered by the old statute and there treated as larceny" (*id.*).

Based on the more expansive language incorporated into Penal Law § 165.05, we concluded that the conduct of McCaleb and Gibbs fell within its ambit.

We revisited Penal Law § 165.05 in *People v Roby* (39 NY2d 69 [1976]), a case where the defendant was seated in the passenger seat of a stolen vehicle and his companion was in the driver's seat trying to put a key in the ignition when the arresting officer approached. There, the defendant attempted to distinguish *McCaleb* on three grounds, claiming that he was in the car for only a short time; the motor was not running nor was the key in the ignition; and the car was not recently stolen so as to give rise to the inference that he was involved in the theft. We found these distinctions unpersuasive and affirmed the conviction. First, we stated that "[t]here is no minimum time limit for unauthorized occupation" (*id.* at 71). Second, we viewed the evidence of the codefendant's attempt to use the key as parallel to the conduct in *McCaleb*. Finally, we held that the statute does not require any evidence of theft, and such "fact is absolutely immaterial to the quantum of proof necessary to establish commission of the crime of unauthorized use of a vehicle" (*id.*).

Reading *McCaleb* and *Roby* together, it is evident that, unlike the narrower provision from which it was derived, Penal Law § 165.05 is not limited to joyriding or situations in which the vehicle is actually driven. Moreover, although the defendants in *McCaleb* and *Roby* each had the ability to operate the automobiles in question, thus evincing control, we did not hold—as the dissent now would—that operability was a sine qua non of the crime of unauthorized use of a vehicle. Indeed, in *McCaleb* we recognized that a person may exercise control over a vehicle by "barring the owner or others from entry into the car" or temporarily using it "for a purpose accomplished while the vehicle remains . . . stationary" (25 NY2d at 399). Notably, Penal Law § 165.05 itself contains no operability or movement prerequisite. We therefore cannot agree with defendant's contention, accepted by the dissent, that a person may not be convicted of

unauthorized use of a vehicle unless the accused had the ability and intent to operate it.[4]

On the other hand, entry alone is not enough under the statute, which expressly requires some degree of control or use. The inadvertent entry into a vehicle mistaken for one's own would not constitute this crime—something more is needed since the statute contains a knowledge component.[5] Whether denominated as exercising control over or otherwise using a vehicle, we conclude that a violation of the statute occurs when a person enters an automobile without permission and takes actions that interfere with or are detrimental to the owner's possession or use of the vehicle.[6] Measured against this standard, the evidence adduced at trial was legally sufficient to sustain defendant's conviction of unauthorized use of a vehicle.

Here, contrary to the Appellate Division's characterization, this case involves much more than defendant's brief presence in an automobile. Considering the evidence in the light most favorable to the People, a rational jury could have found that defendant broke into the Town Car by "popping" out the driver's side door lock; entered the car without consent; unscrewed and

---

4. The dissent posits that, under *McCaleb* and *Roby*, an unauthorized use conviction "may only be sustained where the defendant's presence in a stationary vehicle is *coupled with* other evidence demonstrating the ability to operate the vehicle or the means to do so" (dissenting op at 68). In effect, the dissent would restrict the scope of this crime to joyriding and attempted joyriding. But the dissent's narrow interpretation disregards the Legislature's intent to expand the types of conduct proscribed by Penal Law § 165.05 and would read the clause "or otherwise uses" out of the statute. The dissent also ignores our prior construction of that very phrase, in which we emphasized that it has an "independent meaning" and "added importance," and was intended to "broaden[ ]" the provision (*McCaleb*, 25 NY2d at 399). Further, the dissent's position leads to incongruous results, under which a person sitting in the back seat with a key may be prosecuted under the statute but a person who enters a car and inflicts considerable damage—precluding the owner from operating the car without first undertaking significant repairs—cannot be charged under the provision. Surely the owner of the vehicle in this case would be justified in viewing the damage caused by defendant as substantially affecting the operability of the car.

5. The concurrence views *McCaleb* and *Roby* as holding that the unauthorized entry into a vehicle, without more, is sufficient under the statute. But this would transform the unauthorized use statute into a trespass provision akin to Penal Law § 140.05, which makes it a violation to "knowingly enter[ ]" a premises without consent. Penal Law § 165.05, however, does not employ the word "enter." Rather, it specifically requires "control" or "use."

6. This appeal provides us no occasion to address the circumstances, if any, under which a person could exercise control over or otherwise use a vehicle without entering it.

ripped apart the driver's side dashboard; and stole the vehicle's light control module. Defendant's unauthorized entry coupled with multiple acts of vandalism and the theft of a part unquestionably interfered with the owner's possession and use of the vehicle. Put differently, defendant's actions constituted a temporary use of the car "for a purpose accomplished while the vehicle remain[ed] . . . stationary" (*McCaleb*, 25 NY2d at 399). As a result, "there is a valid line of reasoning and permissible inferences from which a rational jury could have found the elements of the crime proved beyond a reasonable doubt" (*People v Danielson*, 9 NY3d 342, 349 [2007] [internal quotation marks and citations omitted]).[7]

Accordingly, the order of the Appellate Division, insofar as appealed from, should be reversed, defendant's conviction of unauthorized use of a vehicle in the second degree reinstated, and the case remitted to the Appellate Division for consideration of the facts (*see* CPL 470.25 [2] [d]; 470.40 [2] [b]).

SMITH, J. (concurring). I agree with the result the majority reaches, but do not join its opinion, because the rule it states seems to me less clear than it should be. I would simply reaffirm what we said in *People v Roby* (39 NY2d 69, 70-71 [1976]), summarizing our holding in *People v McCaleb* (25 NY2d 394 [1969]): "the statute proscribing unauthorized use of a vehicle (Penal Law, § 165.05, subd 1) makes criminal the unauthorized occupation of another person's vehicle, without his consent, irrespective of whether or not the vehicle is in motion" (footnote omitted).

Under *McCaleb* and *Roby*, someone who enters and occupies someone else's vehicle "uses" that vehicle within the meaning of Penal Law § 165.05 (1), and if he does so "[k]nowing that he does not have the consent of the owner" he violates the statute. This is not the only possible interpretation of the word "uses"—it could, as the dissent argues, be read to require the "ability" or "means" to operate the vehicle (dissenting op at 66)—but it is the interpretation we chose several decades ago, and I see no reason to change our mind.

---

7. We also reject defendant's suggestion that he should not be prosecuted for second-degree unauthorized use of a vehicle because his actions are also punishable under other provisions, such as third-degree auto stripping (Penal Law § 165.09). Absent a contrary legislative intention, "overlapping in criminal statutes, and the opportunity for prosecutorial choice they represent, is no bar to prosecution" (*People v Robinson*, 95 NY2d 179, 184 [2000] [internal quotation marks and citation omitted]; *see also People v Mattocks*, 12 NY3d 326, 333-334 [2009]).

The majority seeks a middle ground, saying that "the ability and intent to operate" the vehicle is not required but that "entry alone is not enough" (majority op at 64). The majority would insist on "some degree of control or use," which it defines as "actions that interfere with or are detrimental to the owner's possession or use of the vehicle" (*id.* at 64). But what unauthorized occupancy of a car does not so "interfere"? Does an intruder manifest "control or use" if he talks to a friend while sitting in the car? Smokes a cigarette? Looks out the window for the time it would take to smoke a cigarette? The only example the majority gives of something that would *not* be prohibited is "inadvertent entry into a vehicle mistaken for one's own" (*id.* at 64), but an entry without mens rea is excluded on the face of the statute, which applies only to someone who acts "[k]nowing that he does not have the consent of the owner."

Perhaps the majority's "control or use" test is no different in substance from the simple "unauthorized occupation . . . without . . . consent" test of *McCaleb* and *Roby*. But if that is what we mean, I think we should say so.

JONES, J. (dissenting). At issue is whether defendant's conviction for unauthorized use of a vehicle in the second degree (Penal Law §§ 165.06, 165.05 [1]) was supported by legally sufficient evidence, where defendant did not demonstrate the ability to operate the vehicle or the means to do so.[1] Stated differently, the question is whether the evidence adduced at trial was sufficient to establish that defendant "exercised control over" or "otherwise used" the vehicle within the meaning of the unauthorized use of a vehicle in the second degree statute. Relying

---

1. Penal Law § 165.06 provides:
     "A person is guilty of unauthorized use of a vehicle in the second degree when . . .
     "[h]e commits the crime of unauthorized use of a vehicle in the third degree as defined in subdivision one of section 165.05 of this article and has been previously convicted of the crime of unauthorized use of a vehicle in the third degree as defined in subdivision one of section 165.05 or second degree within the preceding ten years."
Penal Law § 165.05 (1) provides:
     "A person is guilty of unauthorized use of a vehicle in the third degree when . . .
     "[k]nowing that he does not have the consent of the owner, he takes, operates, exercises control over, rides in or otherwise uses a vehicle. A person who engages in any such conduct without the consent of the owner is presumed to know that he does not have such consent."

primarily on this Court's decisions in *People v McCaleb* (25 NY2d 394 [1969]) and *People v Roby* (39 NY2d 69 [1976]), the majority stated, "[w]hether denominated as exercising control over or otherwise using a vehicle, a violation of the statute occurs when a person enters an automobile without permission and takes actions that interfere with or are detrimental to the owner's possession or use of the vehicle" (majority op at 64). Applying this standard, the majority held that "the evidence adduced at trial was legally sufficient to sustain defendant's conviction of unauthorized use of a vehicle" (*id.* at 64).

Because I believe the majority reads the unauthorized use of a vehicle statute too broadly, and because I believe the statute in question is meant to prohibit a defendant's unauthorized "use" of the vehicle *as a vehicle*, I disagree with the majority's holding that there was legally sufficient evidence to support defendant's conviction for unauthorized use of a vehicle. Accordingly, I dissent and would affirm the order of the Appellate Division.

*McCaleb* and *Roby* are not in conflict with my position. They support it. In *McCaleb*, and its companion case *People v Gibbs*, defendant McCaleb was found sitting in the back seat of a stolen car; although the car's engine was turned off, there was a working key in the ignition (*see McCaleb*, 25 NY2d at 397). The second defendant, Gibbs, was discovered sleeping in the front passenger seat of a stolen car with the engine running (*id.*). In remanding both appeals for a new trial, the Court held that the rebuttable presumption contained in Penal Law § 165.05 (1)— that a defendant in a stolen automobile had knowledge that he did not have the vehicle owner's consent—satisfies due process (*id.* at 400-401).[2] Further, the Court held that the unauthorized occupation of another's motor vehicle, without any movement of said vehicle, falls within the ambit of the unauthorized use of a vehicle statute (*id.* at 399). In reaching this holding, the *McCaleb* Court logically concluded that the statute's terms "exercises control over," "rides in," and "otherwise uses"

---

**2.** The Court explained:

"There is a 'fair' 'natural' and 'rational' connection between the fact that a car is being used without permission of its owner, and the presumption that those in the car, driver and passengers alike, are aware they do not have permission. The likelihood of innocent use or occupation of a 'stolen' vehicle is minimal, and in the rare instance could be easily explained, presenting no more than a light burden [on the defense] of going forward to make such explanation" (*McCaleb*, 25 NY2d at 400-401).

should be interpreted broadly to the extent of including passengers to negate any requirement that the statute covers only those involved in the actual taking of the vehicle, or only applies to situations where the vehicle is moving (*id.*).

Here, the majority points to the *McCaleb* Court's recognition that "a person may exercise control over a vehicle by 'barring the owner or others from entry into the car' or temporarily using it 'for a purpose accomplished while the vehicle remains . . . stationary' " (majority op at 63, quoting 25 NY2d at 399). In my view, the majority's reliance on such language is misplaced because the language bears no relation to what happened in *McCaleb, Roby* (39 NY2d at 71 [defendant was in the front passenger seat of a parked stolen car, while his codefendant was in the driver's seat attempting to insert a key into the ignition]) or the case at bar. This language supports the *McCaleb* Court's statement that "[t]he [statute's] exercise of control [term] is not limited to a *moving* vehicle" (25 NY2d at 399 [emphasis added]), a point I do not dispute. In addition, applying the "for a purpose accomplished while the vehicle remains . . . stationary" language leads to an overly broad and vague construction of the statute because the list of potential "purposes" would be virtually limitless. Such a construction would necessarily lead to incongruous results.

In conclusion, pursuant to *McCaleb* and *Roby*, "unauthorized use" convictions may only be sustained where the defendant's presence in a stationary vehicle *is coupled with* other evidence demonstrating the ability to operate the vehicle or the means to do so. Based on the foregoing, I would hold that for the purpose of legal sufficiency, in order for a lone defendant to come within the unauthorized use of a vehicle statute, evidence must be adduced at trial that he or she, without the authorization of the vehicle owner (and with an intent to operate the vehicle), obtained the means to set the vehicle's mechanism in operation or possessed tools designed to bypass the vehicle's ignition system.[3] Without evidence of defendant's intent and ability to operate the vehicle, the requirements for "unauthorized use" cannot be met.

---

3. The First and Second Departments have similarly held that a defendant's presence in a parked vehicle, without evidence of ability to operate the vehicle or means to do so, is insufficient to establish unauthorized use of a vehicle (*see e.g. Matter of Jose C.*, 52 AD3d 253 [1st Dept 2008]; *Matter of Javier F.*, 3 AD3d 493 [2d Dept 2004]; *People v Gray*, 154 AD2d 547 [2d Dept 1989]).

Chief Judge LIPPMAN and Judges CIPARICK and READ concur with Judge GRAFFEO; Judge SMITH concurs in result in a separate concurring opinion; Judge JONES dissents and votes to affirm in another opinion in which Judge PIGOTT concurs.

Order, insofar as appealed from, reversed, etc.