*491 OPINION OF THE COURT
Maky V. Rosado, J.
Defendant is charged in a superseding information, dated March 31, 2015 and filed on April 21, 2015, with criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03); unauthorized use of a vehicle in the third degree (Penal Law § 165.05 [1]); firearms (Administrative Code of City of NY § 10-131 [b]); and unlawful sale, possession, or use of an imitation air pistol (Administrative Code § 10-131 [g] [l]).[1] By affirmation dated June 26, 2015, defendant moves to dismiss the charge of Penal Law § 165.05 (1) alleging that the superseding information is facially insufficient. By affirmation in opposition dated July 27, 2015, the People oppose dismissal, arguing that the accusatory instrument is facially sufficient. In rendering a decision, this court has reviewed defendant’s affirmation dated June 26, 2015, the People’s affirmation in opposition dated July 27, 2015, the court file, and relevant statutes and case law.
Defendant’s motion to dismiss for facial insufficiency is denied.
Factual Allegations
The information alleges that on or about March 8, 2015, at approximately 12:20 p.m., at 1110 Close Avenue, the following occurred:
“Deponent is informed by Christina Perez, that. . . informant observed defendant standing next to informant’s vehicle, a black-cherry 2014 Kia Sorento. Deponent is further informed by informant that after defendant started walking away from the aforementioned vehicle, informant unlocked the doors of said vehicle remotely. Deponent is further informed by informant that informant then observed defendant start to walk back towards said *492 vehicle. Deponent is further informed by informant that informant observed defendant place two (2) backpacks and one (1) shopping bag inside said vehicle. Deponent is further informed by informant that informant asked defendant in sum and substance, What are you doing? and [sic] that defendant responded, in sum and substance: GIVE ME YOUR FUCKING KEYS.
“Deponent is further informed by informant that defendant stated in sum and substance: TAKE IT EASY. I’M A COP, and that defendant subsequently walked away.
“Deponent is further informed by informant that informant is the lawful owner of the aforementioned vehicle and, as such, informant did not give defendant permission or authority to take, possess, operate, exercise control over or open the door of said vehicle ....
“Deponent further states that he observed defendant to have in his custody and control, inside a backpack, one (1) imitation firearm/air pistol and fifty-five (55) pellets for said air pistol, and inside a shopping bag, one (1) bullet-proof vest. Deponent further states that the aforementioned pistol looked like an actual firearm in that it substantially duplicates the look, weight, and feel of a real pistol, and did not have an orange rubber stop on the tip. Deponent further states that said pistol has a propelling force of air.”
Facial Sufficiency
To be facially sufficient, an accusatory instrument “must designate the offense or offenses charged” (CPL 100.15 [2]) and “must contain a statement of the complainant alleging facts of an evidentiary character supporting or tending to support the charges” (CPL 100.15 [3]). More specifically, an information must provide “reasonable cause to believe that the defendant committed the offense charged in the accusatory part of the information” and must contain “[n] on-hearsay allegations . . . [that] establish, if true, every element of the offense charged and the defendant’s commission thereof” (CPL 100.40 [1] [b], [c]; People v Henderson, 92 NY2d 677, 679 [1999]).
The Court of Appeals has stated that CPL 100.40 (1) places “the burden on the People to make out their prima facie case *493 for the offense charged in the text of the information” (People v Jones, 9 NY3d 259, 261 [2007]). It should be noted that the prima facie case requirement is not the same as the burden required at trial of proof beyond a reasonable doubt, “nor does it rise to the level of legally sufficient evidence that is necessary to survive a motion to dismiss based on the proof presented at trial” (People v Kalin, 12 NY3d 225, 230 [2009]). Rather, what is required is that the factual allegations in the information “give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense” (id. at 230 [internal quotation marks and citations omitted]). Ultimately, the information “should be given a fair and not overly restrictive or technical reading” (People v Casey, 95 NY2d 354, 360 [2000]).
Unauthorized Use of a Vehicle in the Third Degree
Penal Law § 165.05 (1) provides:
“A person is guilty of unauthorized use of a vehicle in the third degree when . . .
“ . . . [k] nowing that he does not have the consent of the owner, he takes, operates, exercises control over, rides in or otherwise uses a vehicle. A person who engages in any such conduct without the consent of the owner is presumed to know that he does not have such consent.”
The elements of the offense are that (1) defendant took, operated, exercised control over, rode in or otherwise used a vehicle without the owner’s consent; and (2) a defendant acted with knowledge that he or she did not have the vehicle owner’s consent (see CJI2d[NY] Penal Law § 165.05 [1]).
It is well-settled that Penal Law § 165.05 criminalizes unauthorized vehicle usage that falls short of actual operation or transport (People v McCaleb, 25 NY2d 394, 399 [1969]). One’s presence in a vehicle, regardless of the duration of unauthorized occupation, could amount to a violation of the statute (see People v Roby, 39 NY2d 69, 71 [1976]). Also, there is no requirement that a defendant must have the ability or intent to operate the vehicle (People v Franov, 17 NY3d 58, 63 [2011]). However, the applicability of the statute is not without limit. Mere presence in a vehicle, by itself, is insufficient to establish control or use. A defendant must “take[ ] actions that interfere with or are detrimental to the owner’s possession or use of the vehicle” (id. at 64).
*494 Turning to the instant matter, the information sufficiently alleges that defendant used complainant’s vehicle without consent. The pertinent allegations state that defendant opened the door to complainant’s car, and placed two backpacks and a shopping bag inside the vehicle. The information further alleges that an imitation firearm/air pistol was contained inside one of the backpacks. The imitation firearm/air pistol largely emulated the look, weight and feel of a genuine firearm. Additionally, it lacked an orange rubber stop. Administrative Code of the City of New York § 10-131 (g) (1) prohibits the possession of imitation firearms.[2] Administrative Code of City of NY § 10-131 (b) (1) prohibits the unlicensed possession of air pistols.[3] *495 The mere possession of an imitation firearm/air pistol constitutes criminal conduct. A defendant’s use of another’s vehicle for criminal activity is detrimental to the owner’s possession or use (People v Gutierrez, 44 Misc 3d 1212[A], 2014 NY Slip Op 51097[U] [Crim Ct, Kings County 2014]). In Gutierrez, the defendant was discovered asleep in an automobile that had a quantity of crack cocaine inside a door panel. That court found that converting a non-consenting owner’s vehicle into the situs of crime “is detrimental to the owner’s possession or use within the scope of. . . Franov” because it could subject the vehicle to police impoundment for purposes of investigation (2014 NY Slip Op 51097[U], *3). Similarly, in the case before the court, defendant used complainant’s vehicle for the commission of two other crimes. Defendant put a backpack, containing an imitation firearm/air pistol, into complainant’s vehicle. Possession of an illegal imitation firearm and air pistol is punishable as two unclassified misdemeanors. Defendant’s placement of the contraband into complainant’s vehicle imports the same detriment to complainant’s use and ownership of her vehicle as was highlighted in Gutierrez.
Even if the backpack did not contain contraband, defendant’s act of placing his belongings inside the car interfered with complainant’s use of her vehicle. It is entirely reasonable that an owner of a vehicle, who has just observed a stranger place unknown bags within, would hesitate to get into or operate the vehicle. The information also alleges that defendant did not have the consent of the vehicle’s owner because “informant did not give defendant permission or authority to take, possess, operate, exercise control over or open the door of said vehicle” (misdemeanor complaint at 2).
Defendant argues that the accusatory instrument is facially insufficient because it fails to allege that he had the means or intent to operate complainant’s vehicle. Furthermore, he argues that his alleged conduct is too transitory and noninvasive to support the charge. The Franov Court explicitly rejected the requirement of intent or ability to control a vehicle as follows:
“Moreover, although the defendants in McCaleb and Roby each had the ability to operate the automobiles in question, thus evincing control, we did not hold—as the dissent now would—that operability was a sine qua non of the crime of unauthorized use of a vehicle. Indeed, in McCaleb we recognized that a person may exercise control over a vehicle *496 by ‘barring the owner or others from entry into the car’ or temporarily using it ‘for a purpose accomplished while the vehicle remains . . . stationary’ (25 NY2d at 399). Notably, Penal Law § 165.05 itself contains no operability or movement prerequisite. We therefore cannot agree with defendant’s contention, accepted by the dissent, that a person may not be convicted of unauthorized use of a vehicle unless the accused had the ability and intent to operate it” (Franov at 63-64).
This court agrees with defendant that the accusatory instrument never alleged that he sat in complainant’s vehicle. However, the focus of the inquiry is not defendant’s location in relation to the vehicle, but whether his unauthorized use interfered with or was detrimental to complainant’s possession or use of the vehicle. The fact that defendant did not violently enter complainant’s vehicle is immaterial. Damage to a vehicle is not an element to the offense of unauthorized use of a vehicle in the third degree, although it may subject an individual to additional charges of auto stripping or criminal mischief.
Neither is this court convinced that conduct must be of minimum duration or physical invasiveness to constitute unauthorized use. The only consideration is whether a defendant’s conduct is detrimental to a vehicle owner’s use or possession of the vehicle. For pleading purposes, the accusatory instrument sufficiently alleges facts that establish unauthorized use of a vehicle within the scope of Penal Law § 165.05.
Defendant’s arguments rely almost exclusively on cases decided prior to Franov. Much of their precedential value has been abrogated by the Court of Appeals. To the extent that defendant’s offered cases conflict with Franov, this court declines to follow.
The information also sufficiently alleges that defendant knew he lacked complainant’s consent to use the vehicle. Penal Law § 165.05 (1) includes a presumption that a defendant who uses a vehicle without the owner’s consent does so knowingly. Since the information satisfactorily makes out defendant’s unconsented use of complainant’s vehicle, he is presumed to have done so knowingly.
The information is facially sufficient as to the charge of unauthorized use of a vehicle in the third degree. It provides reasonable cause that defendant committed the offense by establishing every element of the offense charged.
*497 For the foregoing reasons, defendant’s motion to dismiss for facial insufficiency is denied.

. Defendant was originally arraigned on a felony complaint with the additional charges of attempted grand larceny in the third degree (Penal Law §§ 110.00, 155.35), attempted criminal possession of stolen property in the third degree (Penal Law §§ 110.00, 165.50), two counts of attempted grand larceny in the fourth degree (Penal Law §§ 110.00, 155.30 [1], [8]), two counts of attempted criminal possession of stolen property in the fourth degree (Penal Law §§ 110.00, 165.45 [1], [5]), and possession of ammunition (Administrative Code § 10-131 [i] [1], [3]). The People moved to dismiss the possession of ammunition charge on March 13, 2015. The remainder of the arraignment charges were dismissed on April 21, 2015.

. “It shall be unlawful for any person to sell or offer for sell, possess or use or attempt to use or give away, any toy or imitation firearm which substantially duplicates or can reasonably be perceived to be an actual firearm unless:
“(a) the entire exterior surface of such toy or imitation firearm is colored white, bright red, bright orange, bright yellow, bright green, bright blue, bright pink or bright purple, either singly or as the predominant color in combination with other colors in any pattern; or
“(b) such toy or imitation firearm is constructed entirely of transparent or translucent materials which permits unmistakable observation of the imitation or toy firearm’s complete contents; and
“(c) the barrel of such toy or imitation firearm, other than the barrel of any such toy or imitation firearm that is a water gun, is closed with the same material of which the toy or imitation firearm is made for a distance of not less than one-half inch from the front end of said barrel, and;
“(d) such toy or imitation firearm has legibly stamped thereon, the name of the manufacturer or some trade name, mark or brand by which the manufacturer can be readily identified; and “(e) such toy or imitation or firearm does not have attached thereto a laser pointer, as defined in paragraph one of subdivision a of section 10-134.2 of this code.”

. “It shall be unlawful for any person to sell, offer to sell or have in such person’s possession any air pistol or air rifle or similar instrument in which the propelling force is a spring or air, except that the sale of such instruments if accompanied by delivery to a point without the city, and possession for such purpose, shall not be unlawful if such person shall have secured an annual license from the police commissioner of the city authorizing such sale and possession. The sale and delivery of such instruments within the city from one licensee to another licensee, and the use of such instruments in connection with an amusement licensed by the department of consumer affairs or at rifle or pistol ranges duly authorized by law shall not be considered a violation of this subdivision.”