The People of the State of New York, Respondent, 
against
Basheer Bajas, Appellant.




Appellate Advocates (Nao Terai of counsel), for appellant.
Kings County District Attorney (Leonard Joblove, Ann Bordley and Daniel Berman of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Kings County (Frederick C. Arriaga, J.), rendered July 28, 2015. The judgment convicted defendant, upon his plea of guilty, of unauthorized use of a vehicle in the third degree, and imposed sentence.




ORDERED that the judgment of conviction is affirmed.
Defendant was charged with unauthorized use of a vehicle in the third degree (Penal Law § 165.05 [1]), attempted petit larceny (Penal Law §§ 110.00, 155.25) and resisting arrest (Penal Law § 205.30). The factual part of the accusatory instrument alleged that, at approximately 4:24 a.m. on August 20, 2014, a New York City police officer
"observed defendant pull a handle to a 2006 Ford Suburban, NY License Plate No. 61013BA, enter said Ford Suburban, and rummage through the glove compartment and center console of said Ford Suburban.
Deponent is informed by [the owner of the vehicle] that informant is the custodian of the above-mentioned Ford Suburban and that defendant did not have permission or authority to take, use, operate or otherwise exercise control over said Ford Suburban.
Deponent further states that defendant did resist a lawful arrest by flailing defendant's arms while deponent attempted to place defendant in handcuffs."
On November 25, 2014, defendant appeared with counsel in Criminal Court, Kings County, and agreed to plead guilty to unauthorized use of a vehicle in the third degree, a class A misdemeanor, in satisfaction of all of the charges in the accusatory instrument. As part of the plea agreement, it was understood that if defendant successfully completed a drug treatment program, the case would be dismissed. If unsuccessful in treatment, defendant would be sentenced to one year of incarceration, to run concurrently with a sentence on an unrelated felony charged in a superior court information. Defendant's counsel waived prosecution by information.
On July 28, 2015, defendant was sentenced to a term of incarceration of one year, to run concurrently with an unrelated sentence of one and one-third to four years on defendant's conviction of grand larceny in the fourth degree, as he had failed to complete the drug treatment [*2]program.
On appeal, defendant contends that his conviction should be reversed because the factual part of the accusatory instrument, which merely alleged that he had entered a vehicle and rummaged through the glove compartment and the center console, did not satisfy the reasonable cause requirement for a misdemeanor complaint charging unauthorized use of a vehicle in the third degree.
The facial insufficiency of an accusatory instrument constitutes a jurisdictional defect which is not forfeited by a defendant's guilty plea (see People v Dreyden, 15 NY3d 100, 103 [2010]; People v Lucas, 11 NY3d 218, 220 [2008]; People v Konieczny, 2 NY3d 569, 573 [2004]). Here, since defendant, through counsel, expressly waived the right to be prosecuted by information, the relevant count of the accusatory instrument must be evaluated under the standards that govern a misdemeanor complaint (see People v Dumay, 23 NY3d 518, 524 [2014]; CPL 100.15, 100.40 [4]).
Pursuant to Penal Law § 165.05 (1), a person is guilty of unauthorized use of a vehicle in the third degree when:
"[k]nowing that he does not have the consent of the owner, he takes, operates, exercises control over, rides in or otherwise uses a vehicle. A person who engages in any such conduct without the consent of the owner is presumed to know that he does not have such consent."
The scope of the offense is not limited to circumstances in which the vehicle is operable or moving (see People v Franov, 17 NY3d 58, 63 [2011]). It also applies to a person who "enters an automobile without permission and takes actions that interfere with or are detrimental to the owner's possession or use of the vehicle" (id. at 64). Thus, in Franov, the Court found that the defendant had exercised control over or otherwise used the owner's vehicle by breaking into it, damaging the interior, and taking an automotive part, noting that "[the d]efendant's unauthorized entry coupled with multiple acts of vandalism and the theft of a part unquestionably interfered with the owner's possession and use of the vehicle" (id. at 65). However, "entry alone [into a vehicle] is not enough under the statute, which expressly requires some degree of control or use. The inadvertent entry into a vehicle mistaken for one's own would not constitute this crime—something more is needed since the statute contains a knowledge component" (id. at 64). The statute does not require that the defendant use or occupy the vehicle for any specific amount of time to be guilty of unauthorized use of a vehicle (see People v Roby, 39 NY2d 69, 71 [1976]). In the case at bar, the accusatory instrument alleged that defendant "rummage[d] through the glove compartment and center console" of a vehicle which "defendant did not have permission or authority to take, use, operate or otherwise exercise control over." Unlike in Franov (17 NY3d 58), defendant here did not damage the vehicle and steal an automotive part; nevertheless, the allegations of the accusatory instrument indicated that defendant's acts in accessing the glove compartment and center console were more than mere "entry alone" and established "control or use" of the vehicle (Franov, 17 NY3d at 64; see People v Nesbitt, 50 Misc 3d 490, 493 [Crim Ct, Bronx County 2015]; People v Gutierrez, 44 Misc 3d 1212[A], 2014 NY Slip Op 51097[U] [Crim Ct, Kings County 2014]; People v Fishman, 44 Misc 3d 1208[A], 2014 NY Slip Op 51059[U] [Crim Ct, Kings County 2014]).
We recognize that, in People v Gavrilov (49 Misc 3d 138[A], 2015 NY Slip Op 51562[U] [*3][App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]), this court held that an accusatory instrument alleging that the defendant had entered a vehicle and taken a wallet therefrom was insufficient to support a charge of unauthorized use of a vehicle in the third degree. While no personal property was taken from the vehicle in the case at bar, we find that the allegation that defendant "rummage[d]" through the glove compartment and center console distinguishes this case from Gavrilov and warrants a finding that the accusatory instrument sufficiently set forth defendant's exercise of control over, or use of, the vehicle.
Accordingly, the judgment of conviction is affirmed.
PESCE, P.J., and ALIOTTA, J., concur.
WESTON, J., dissents and votes to reverse the judgment of conviction, vacate the guilty plea, dismiss the count of the accusatory instrument charging defendant with unauthorized use of a vehicle in the third degree, and reinstate the remaining counts of the accusatory instrument, in the following memorandum:
Pursuant to Penal Law § 165.05 (1), a person is guilty of unauthorized use of a vehicle in the third degree when:
"[k]nowing that he does not have the consent of the owner, he takes, operates, exercises control over, rides in or otherwise uses a vehicle."
Unauthorized use of a vehicle was originally more commonly referred to as "joyriding" (see William C. Donnino, Practice Commentary, McKinney's Cons Laws of NY, Book 39, Penal Law § 165.05 at 400). In People v Franov (17 NY3d 58, 61 [2001]), the Court of Appeals found that the legislature, in enacting Penal Law § 165.05 (1), sought to address more than mere "joyriding," concluding that otherwise there would have been no need to insert the language "exercises control over" and "or otherwise uses" that had not been present in a prior version of the statute. Rather, the Court stated that the statute also applies to a person who "enters an automobile without permission and takes actions that interfere with or are detrimental to the owner's possession or use of the vehicle" (id. at 64). However, "[e]ntry alone is not enough under the statute, which expressly requires some degree of control or use" (id.). Thus, while a defendant need not use or occupy a vehicle for any specific amount of time to be guilty of this offense (see People v Roby, 39 NY2d 69, 71 [1976]), some further action, in addition to mere entry, is required.
In Franov, the Court of Appeals described the defendant's acts and conduct as follows: breaking into the vehicle by popping out the driver's side door lock; entering the car without consent; unscrewing and ripping apart the driver's side dashboard; and stealing the vehicle's light control module. Thus, the Court concluded that the defendant's "unauthorized entry coupled with multiple acts of vandalism and the theft of a part unquestionably interfered with the owner's possession and use of the vehicle" (Franov, 17 NY3d at 65), thereby constituting the offense of unauthorized use of a vehicle in the third degree.
Here, unlike in Franov, the allegations in the factual part of the accusatory instrument—that defendant entered a vehicle and rummaged through the glove compartment and the center console—did not satisfy the reasonable cause requirement for a misdemeanor complaint charging unauthorized use of a vehicle in the third degree. Rummaging through a vehicle does not constitute vandalism, and there was no allegation in the accusatory instrument of any further action on the part of defendant, in addition to mere entry, to establish the degree of [*4]control or use of a vehicle necessary to fall within the ambit of the statute (cf. Roby, 39 NY2d 69 [1976] [affirming the conviction of a defendant who was found seated in the passenger seat of a vehicle, which "unquestionably" had been stolen, while the defendant's companion, seated behind the steering wheel, was attempting to insert the key into the ignition]; People v McCaleb, 25 NY2d 394 [1969] [concluding that the conduct of the two defendants in the companion cases, each of whom was found in different parked cars which had been taken and moved without the permission of the owner, fell within the ambit of Penal Law § 165.05 (1) when the evidence at trial demonstrated that the defendant in one case was found seated in the rear of one of the cars with an operable ignition key and the defendant in the companion case was found asleep in the front seat of the other car with the motor running]). Indeed, in People v Gavrilov (49 Misc 3d 138[A], 2015 NY Slip Op 51562[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]), this court determined that an allegation that the defendant had entered a vehicle and had taken a wallet therefrom was insufficient to charge the defendant with unauthorized use of a vehicle in the third degree while here, no property had even been taken.
Consequently, the accusatory instrument in this case did not sufficiently allege facts of an evidentiary character supporting or tending to support the charge (see CPL 100.15 [3]; 100.40 [4] [a]) or provide reasonable cause to believe that defendant committed the crime of unauthorized use of a vehicle in the third degree in violation of Penal Law § 165.05 (1) (see CPL 100.40 [4] [b]). Accordingly, I respectfully dissent and vote to reverse the judgment of conviction, vacate the guilty plea, dismiss the count of the accusatory instrument charging defendant with unauthorized use of a vehicle in the third degree, and reinstate the remaining counts of the accusatory instrument (see CPL 470.55 [2]).
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 31, 2018