The People of the State of New York, Respondent,
against
Hugo Rosario, Appellant.




New York City Legal Aid Society (Anita Aboagye-Agyeman of counsel), for appellant.
Queens County District Attorney (John M. Castellano, Johnnette Traill and Christopher J. Blira-Koessler of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Queens County (Ernest F. Hart, J.), rendered April 30, 2015. The judgment convicted defendant, upon his plea of guilty, of unauthorized use of a vehicle in the third degree, and imposed sentence.




ORDERED that the judgment of conviction is reversed, on the law, defendant's guilty plea is vacated, and the accusatory instrument is dismissed.
Defendant was charged with unauthorized use of a vehicle in the third degree (Penal Law § 165.05 [1]). The accusatory instrument alleged that a police officer had been informed by an eyewitness that she had observed defendant "pulling on the door handle and the trunk of a Grey 2004 Chevy." The accusatory instrument further stated that the officer had been informed by the legal custodian of the vehicle that "defendant did not have permission or authority to touch, use, or otherwise exercise control over said vehicle." The accusatory instrument also alleged that defendant had stated, in sum and substance, "I'm trying to buy a car." Defendant subsequently pleaded guilty to unauthorized use of a vehicle in the third degree, as charged, and the court sentenced him to 10 days' imprisonment. On appeal, defendant challenges the facial sufficiency of the accusatory instrument.
"A valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite to a criminal prosecution" (People v Case, 42 NY2d 98, 99 [1977]; see People v Dumay, 23 [*2]NY3d 518, 522 [2014]; People v Dreyden, 15 NY3d 100, 103 [2010]). Thus, the facial insufficiency of an accusatory instrument constitutes a jurisdictional defect which is not forfeited by a defendant's guilty plea (see Dreyden, 15 NY3d at 103; People v Konieczny, 2 NY3d 569, 573 [2004]). Here, since defendant did not waive the right to be prosecuted by information, the accusatory instrument must be evaluated under the standards that govern an information (see People v Hatton, 26 NY3d 364, 368 [2015]; People v Kalin, 12 NY3d 225, 228 [2009]; see also CPL 100.15; 100.40 [1]). Defendant raises no hearsay claim on appeal, and, even if he had, the claim would have been waived by his failure to raise it in the Criminal Court (see People v Casey, 95 NY2d 354 [2000]).
Pursuant to Penal Law § 165.05 (1), a person is guilty of unauthorized use of a vehicle in the third degree when "[k]nowing that he does not have the consent of the owner, he takes, operates, exercises control over, rides in or otherwise uses a vehicle." The Court of Appeals has stated that "[e]ntry [into the vehicle] alone is not enough under the statute, which expressly requires some degree of control or use" of the vehicle (People v Franov, 17 NY3d 58, 64 [2011]). Here, however, there was no allegation in the accusatory instrument of any action on the part of defendant, including entry into the vehicle, to establish the degree of control or use of a vehicle necessary to fall within the ambit of the statute. Since the accusatory instrument simply alleged that defendant was observed pulling on the door handle and the trunk of the vehicle, the instrument did not establish that defendant had taken actions that had interfered with or had been detrimental to the owner's possession or use of that vehicle (cf. Franov, 17 NY3d 58). The People's contention that it is reasonable to assume that an owner of a vehicle, after seeing someone pull on its door handle and trunk, would hesitate to get into or operate the vehicle relies upon "impermissible speculation to fill in the gaps" created by the accusatory instrument in order to satisfy the statutory element of exercising control over the vehicle or otherwise using it (People v Mejicanos, 40 Misc 3d 23, 26 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]; see People v Campbell, 41 Misc 3d 143[A], 2013 NY Slip Op 52057[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]). As a result, the instrument did not demonstrate that defendant had exercised control over the vehicle, let alone that he had taken it, operated it, ridden in it, or otherwise used the vehicle. Thus, the factual allegations contained in the accusatory instrument, together with the supporting depositions which accompanied it, did not provide reasonable cause to believe that defendant had committed the offense charged in the accusatory part of the information (see CPL 100.40 [1] [b]) and did not establish, if true, every element of the offense charged and defendant's commission thereof (see CPL 100.40 [1] [c]).
The People's contention that, by withdrawing his motion to dismiss and pleading guilty, defendant precluded them from charging him with attempted unauthorized use of a vehicle in the third degree is without merit.
Accordingly, the judgment of conviction is reversed, defendant's guilty plea is vacated, and the accusatory instrument is dismissed.
WESTON, J.P., PESCE and SIEGAL, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 30, 2018