24-2447-cv
Jeanty v. Viruet

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of April, two thousand twenty-six.

PRESENT: RAYMOND J. LOHIER, JR.,
STEVEN J. MENASHI,
SARAH A. L. MERRIAM,
*Circuit Judges.*

------------------------------------------------------------------

VLADIMIR JEANTY,

*Plaintiff-Appellant,*

v.                                                                No. 24-2447-cv

POLICE OFFICER NICHOLAS VIRUET, BADGE #31374, POLICE OFFICER JUNSUN PARK, SHIELD #28223, CITY OF NEW YORK,

*Defendants-Appellees.*[*]

------------------------------------------------------------------

[*] The Clerk of Court is directed to amend the caption as set forth above.

1

FOR PLAINTIFF-APPELLANT:          VLADIMIR JEANTY, *pro se*, Arverne, NY

FOR DEFENDANTS-APPELLEES:          JENNIFER LERNER (Melanie T. West, *on the brief*), of Counsel, *for* Muriel Goode-Trufant, Corporation Counsel of the City of New York, New York, NY

Appeal from a judgment of the United States District Court for the Eastern District of New York (Orelia E. Merchant, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Vladimir Jeanty, representing himself, appeals from the August 19, 2024 judgment of the United States District Court for the Eastern District of New York (Merchant, *J.*) granting summary judgment in favor of Officer Nicholas Viruet, Officer Junsun Park, and the City of New York and dismissing Mr. Jeanty's claims for, among other things, false arrest and malicious prosecution brought under 42 U.S.C. § 1983.  On appeal, Mr. Jeanty argues that the District Court erred in concluding that Officers Viruet and Park were entitled to qualified immunity because they had arguable probable cause to arrest him.  Mr. Jeanty also challenges the District Court's order denying his motion for reconsideration.

2

We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

We "review a district court's grant of summary judgment *de novo*" and affirm only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Walker v. Senecal*, 130 F.4th 291, 297 (2d Cir. 2025) (quotation marks omitted). "We liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest." *Kravitz v. Purcell*, 87 F.4th 111, 119 (2d Cir. 2023) (quotation marks omitted).

As for the specific challenge before this Court, an officer is entitled to qualified immunity on claims of false arrest and malicious prosecution if the officer had "arguable probable cause" to arrest and prosecute. *Dufort v. City of New York*, 874 F.3d 338, 354 (2d Cir. 2017) (quotation marks omitted). "Arguable probable cause exists when a reasonable police officer in the same circumstances and possessing the same knowledge as the officer in question *could* have reasonably believed that probable cause existed in the light of well established

3

law." *Cerrone v. Brown*, 246 F.3d 194, 202–03 (2d Cir. 2001) (quotation marks omitted).

Mr. Jeanty argues that Officers Viruet and Park did not have arguable probable cause to arrest him. We disagree. "[I]t is well settled that an officer can rely upon a statement by a putative victim or eyewitness to establish probable cause" absent any reason to doubt their veracity. *Washington v. Napolitano*, 29 F.4th 93, 110 (2d Cir. 2022). Here, the unrebutted record evidence reflects that in September 2018 Officers Viruet and Park responded to a 911 call by Una Sanders, Mr. Jeanty's former partner, alleging that Mr. Jeanty was harassing her; that Sanders informed Officer Park of a *prior* domestic incident between her and Mr. Jeanty that occurred in July 2018, during which Sanders's phone was broken; and that Sanders informed Officer Park that, following the July 2018 incident, she filed a complaint against Mr. Jeanty alleging criminal mischief. Mr. Jeanty did not dispute that Sanders made these statements to Officer Park regarding the July 2018 incident. We therefore cannot conclude that "*no* reasonable police officer, out of the wide range of reasonable people who enforce the laws in this country, *could have* determined that probable cause existed" to arrest Mr. Jeanty

4

for criminal mischief under New York Penal Law § 145.00.  *See Guan v. City of New York*, 37 F.4th 797, 810 (2d Cir. 2022) (quotation marks omitted).

Mr. Jeanty asserts that arguable probable cause was lacking because Officer Park's official report of the September 2018 incident indicated that no offense had been committed.  But it is undisputed that Mr. Jeanty was arrested for his conduct relating to the July 2018 incident, not the September 2018 incident.  We therefore reject Mr. Jeanty's argument that arguable probable cause was lacking for that reason.

Mr. Jeanty responds that arguable probable cause was in any event lacking to prosecute him for harassment, criminal mischief, menacing, and unauthorized use of a vehicle arising from the events of July 2018.  *See* N.Y. Penal Law §§ 240.26(1), 145.00(1), 120.15, 165.05(1).  We disagree.  It is undisputed that, following Mr. Jeanty's arrest, Officer Park reviewed Sanders's July 2018 complaint.  The complaint alleged that Mr. Jeanty had "grab[bed] [Sanders's] hair" and "pull[ed] [it] out" while "yelling at [Sanders]" and "cursing [her] out." App'x 99.  This complaint was enough to give the officers arguable probable cause to believe that Mr. Jeanty engaged in criminal harassment by "subject[ing] [Sanders] to physical contact" "with intent to harass, annoy or alarm," N.Y. Penal

5

Law § 240.26(1), and menacing by "intentionally plac[ing] . . . [Sanders] in fear of . . . physical injury," *id.* § 120.15. In her complaint, Sanders also stated that, during the altercation, Mr. Jeanty "grab[bed] [Sanders's] phone and drop[ped] it." App'x 99. This statement, taken together with Sanders's statement to Officer Park that Mr. Jeanty had broken her phone, established arguable probable cause to believe that Mr. Jeanty committed criminal mischief by "[i]ntentionally damag[ing] [Sanders's] property." N.Y. Penal Law § 145.00(1). Finally, the complaint alleged that, after Sanders got into her car, Mr. Jeanty "open[ed] [Sanders's] passenger side" and grabbed her hair and phone. App'x 99. Again, arguable probable cause existed on that basis to charge Mr. Jeanty with the unauthorized use of a vehicle, *see* N.Y. Penal Law § 165.05(1), which requires only that the defendant "enter[ed] an automobile without permission and t[ook] actions that interfere[d] with . . . the owner's . . . use of the vehicle," *People v. Franov*, 17 N.Y.3d 58, 64 (2011).

Mr. Jeanty also insists that Officer Park lacked arguable probable cause because Sanders "recanted or changed [h]er complaint" in a phone call with the police. Appellant's Br. 14. But in the call that Mr. Jeanty references, Sanders did not recant her previous statements. Rather, Sanders repeated that she had gotten

6

into an "argument" with Mr. Jeanty, that Mr. Jeanty "broke her phone," and that she was "afraid of [Mr. Jeanty] and want[ed] to press charges." App'x 289.

Finally, the District Court did not err in denying Mr. Jeanty's motion for reconsideration, which mostly repeated arguments he had raised previously and which did not identify any intervening change in law. *See Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012). Mr. Jeanty contends that the District Court failed to afford him the special solicitude required for litigants who represent themselves. But the District Court expressly acknowledged Mr. Jeanty's *pro se* status and stated that it was construing his submissions liberally.

We have considered Mr. Jeanty's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7